STATE OF NEBRASKA, APPELLEE, V. JEFFREY A. ENFIELD,
APPELLANT.
394 N.W.2d 667

Filed October 10, 1986.   No. 86-323.

James S. Jansen, for appellant.

Robert M. Spire, Attorney General, and James H. Spears, for appellee.

KRIVOSHA, C.J., BOSLAUGH, WHITE, HASTINGS, CAPORALE, and SHANAHAN, JJ.

PER CURIAM.

Upon a plea of guilty the defendant was convicted of robbery and sentenced to imprisonment for $1\frac{1}{2}$ to 3 years. He has appealed and contends his plea was invalid because the trial court advised him at the arraignment that intoxication was not a defense.

The offense occurred on July 19, 1985, when the defendant grabbed the victim's purse. The defendant ran from the scene of the crime but was captured by three persons who had witnessed

the crime. The defendant was positively identified by the victim and each of the three witnesses at a lineup.

The following occurred at an arraignment on January 7, 1986, after the defendant had indicated he wished to change his plea to guilty:

Q. (By the Court) Was there any drinking involved at the time of this offense?

A. Yes, sir.

Q. Did you feel that you were under the influence of alcohol?

A. I was very much, until after I had done it, I sobered up about as fast as I did it.

Q. You understand while the Judge may take that into consideration in determining an appropriate sentence, that it is not a legal defense as to what you did?

A. Yes.

The defendant argues that the statement of the trial court was erroneous because a defendant cannot be found guilty if he could not form the requisite criminal intent because of excessive intoxication. He concludes that his plea was not intelligent and voluntary because he was not correctly advised as to available defenses.

The defendant's contention is without merit for several reasons. As we understand the record, there was no evidence or claim of excessive intoxication such as would prevent the defendant from forming the requisite criminal intent for robbery.

The statement, taken in context, indicates that the trial court was advising the defendant that, generally, voluntary intoxication is not a defense. This is a correct statement of the law.

More importantly, there is no requirement that the trial court inform the defendant of possible legal defenses.

The ultimate standard by which the validity of a guilty plea is to be tested is whether the plea represents "a voluntary and intelligent choice among the alternative courses of action open to a criminal defendant . . . ." *State v. Irish, ante* p. 814, 820, 394 N.W.2d 879, 883 (1986); *North Carolina v. Alford*, 400 U.S. 25, 91 S. Ct. 160, 27 L. Ed. 2d 162 (1970); *State v.*

*Turner*, 186 Neb. 424, 183 N.W.2d 763 (1971).

To ensure that the defendant knowingly and intelligently enters into such a plea, the trial court must follow certain guidelines. As explained in *State v. Irish, supra* at 820, 394 N.W.2d at 883:

1. The court must

a. inform the defendant concerning (1) the nature of the charge; (2) the right to assistance of counsel; (3) the right to confront witnesses against the defendant; (4) the right to a jury trial; and (5) the privilege against self-incrimination; and

b. examine the defendant to determine that he or she understands the foregoing.

2. Additionally, the record must establish that

a. there is a factual basis for the plea; and

b. the defendant knew the range of penalties for the crime with which he or she is charged.

The *Irish* test first requires the court to inform the defendant of the nature of the charge, the right to assistance of counsel, the right to confront adverse witnesses, the right to a jury trial, and the privilege against self-incrimination. The trial court examined Enfield regarding the extent of his attorney's involvement in his case and ascertained that Enfield was satisfied with the attorney's representation throughout the case. The court then explained the charge and ascertained that Enfield understood it. The court then explained that Enfield had certain rights afforded by the Constitution of the United States and the Constitution of Nebraska, including the right to a jury trial. The court also explained that Enfield had a right to confront the State's witnesses and had a right against self-incrimination. Throughout these explanations, the court consistently asked Enfield if he understood his rights and whether he understood that entering a plea of guilty would waive them.

The second prong of the *Irish* test requires that the record show there is a factual basis for the plea and that the defendant be informed of the range of penalties available for the crime he is charged with. The trial court examined Enfield, his attorney, and the State's attorney to establish a factual basis for the plea.

The attorney for the State indicated he had evidence which would establish that Enfield grabbed a purse from the victim, Judy Bang, on July 19, 1985, in the K-Mart parking lot at 50th and L Streets in Omaha, Nebraska. There was a brief struggle; Enfield ran away with the purse and was chased by three witnesses. When the witnesses caught Enfield, he told them where the purse was and they let him go. After a call was received by Crime Stoppers, Enfield was arrested as a suspect and was separately identified in a lineup by each of the three witnesses and the victim. Enfield's attorney indicated that if the case were tried to a jury, a conviction was likely. The court then ascertained that Enfield understood the charge and believed he was guilty. The court also explained the possible sentences which could be imposed upon a conviction of robbery and ascertained that Enfield understood them.

It is clear that the *Irish* guidelines were followed in this case. Enfield was given all of the information necessary for him to make a voluntary and informed decision to enter a guilty plea. The record shows that Enfield understood the nature of the charge, the possible penalty, and the effect of his plea. The trial court is not required to inform a defendant of the possible defenses to the charges against him. The trial court's statement that intoxication was not a defense to the crime, taken in context, was not erroneous.

The judgment is affirmed.

AFFIRMED.

GRANT, J., participating on briefs.