842 F.2d 1135
 25 Fed. R. Evid. Serv. 1114
 UNITED STATES of America, Petitioner/Appellee/Cross-Appellant,
v.
Frank S. ZOLIN, Respondent/Appellee,
and
Church of Scientology of California and Mary Sue Hubbard,
Intervenors/Appellants/Cross-Appellees.
 Nos. 85-6065, 85-6105.
 United States Court of Appeals,
Ninth Circuit.
 March 28, 1988.
 
 Before BROWNING, Chief Judge, ANDERSON, TANG, PREGERSON, ALARCON, NORRIS, REINHARDT, BEEZER, BRUNETTI, THOMPSON and LEAVY, Circuit Judges.
 
 ORDER
 
 1
 En banc review was ordered in this matter under the mistaken assumption that United States v. Shewfelt, 455 F.2d 836 (9th Cir.1972) and United States v. Friedman, 445 F.2d 1076 (9th Cir.1971) were in conflict on the question whether "the government must first establish a prima facie case of fraud independently of the said [attorney-client] communications," Shewfelt, 455 F.2d at 840, before "the privileged status of these communications can be lifted." Id. There is no conflict. In United States v. Friedman, we did not discuss the showing that the government must make before the trial court can examine attorney-client communications to determine whether "the thrust of these ... conversations was to effectuate a plan of fraud." Shewfelt, 455 F.2d at 840. In Shewfelt we did, and concluded that the government must make a prima facie showing, independent of the communications involved, that the attorney-client communications were in furtherance of an intended or present illegality. Id. Shewfelt is the law of the circuit.
 
 
 2
 The dictum in United States v. King, 536 F.Supp. 253 (C.D.Cal.1982) suggesting that Shewfelt "does not now appear to be the law in the Ninth Circuit," id. at 262, is disapproved. That portion of the three-judge panel opinion in United States v. Zolin, 809 F.2d 1411 (9th Cir.1987), beginning with the first full paragraph on page 1418 to and including the last full paragraph in the second column on the same page, is ordered withdrawn. The opinion of the three-judge panel will stand in all other respects.
 
 
 3
 The order dated November 6, 1987, that this matter be reheard en banc, is vacated as improvidently granted.
 
 
 4
 BEEZER, Circuit Judge, with whom ANDERSON and THOMPSON, Circuit Judges, join, dissenting:
 
 
 5
 The order that this matter be reheard en banc was not improvidently granted. I dissent.
 
 
 6
 According to Ninth Circuit Rule 35-1, our order to rehear the matter en banc was entirely appropriate.[1] The independent evidence requirement is a procedure for invoking the crime-fraud exception to the attorney-client privilege. We adopted this procedure, in a conclusory way, in United States v. Shewfelt, 455 F.2d 836, 840 (9th Cir.1972). This procedure has not been endorsed by any other circuit court of appeals. The order filed today thus perpetuates a maverick version of the attorney-client privilege--a rule of national application. In addition, the attorney-client privilege, as a rule of evidence for the federal courts, has an overriding need for national uniformity. Considering that this circuit's position clashes with that of a majority of other circuits, our order that we rehear this matter en banc was most providently granted.
 
 
 7
 * The crime-fraud exception defeats the attorney-client privilege. To invoke the exception, the government must make a prima facie showing that an otherwise privileged communication is in furtherance of fraud or crime. In this circuit the government has had to make the prima facie showing by the use of independent evidence--evidence other than the suspect communication itself. Elsewhere the government has been able to make the prima facie showing by the court's in camera inspection of the suspect communication. The substantive issue in this en banc case is: should we overrule Shewfelt, eliminate the independent evidence requirement, and allow in camera inspection of suspect communications? We should.
 
 II
 
 8
 Every circuit to face the situation this case presents has allowed in camera inspection. In reverse chronological order, they are the Sixth, Second, D.C., Eighth, Third, and Fourth Circuits.[2] Following is a sample of the cases.
 
 
 9
 Sixth: In Re Antitrust Grand Jury, 805 F.2d 155, 168-169 (6th Cir.1986).
 
 
 10
 Second: In Re Grand Jury Subpoena Duces Tecum, 798 F.2d 32 (2d Cir.1986); In Re John Doe Corp., 675 F.2d 482, 486 and 490 (2d Cir.1982).
 
 
 11
 D.C.: In Re Sealed Case, 754 F.2d 395, 399-401 (D.C.Cir.1985) (IRS case closely resembling case now before us); In Re Sealed Case, 676 F.2d 793, 815 (D.C.Cir.1982).
 
 
 12
 Eighth: Pritchard-Keang Nam Corp. v. Jaworski, 751 F.2d 277, 280 (8th Cir.1984); In Re Berkley & Co., 629 F.2d 548, 553 (8th Cir.1980); In Re Murphy, 560 F.2d 326, 331 and 338 n. 23 (8th Cir.1977); Pfizer Inc. v. Lord, 456 F.2d 545, 551 (8th Cir.1972) (per curiam).
 
 
 13
 Third: In Re Grand Jury Proceedings (FMC Corp.), 604 F.2d 798, 800 (3d Cir.1979).
 
 
 14
 Fourth: Union Camp Corp. v. Lewis, 385 F.2d 143, 144 (4th Cir.1967).
 
 III
 
 15
 Other circuits have not always addressed the underlying policy question in allowing in camera review for purposes of the crime-fraud exception. As an en banc panel establishing the law of this circuit, however, we are obligated to address the policy question.
 
 
 16
 In particular, we are charged with evaluating the tradeoff between maintaining confidentiality and prosecuting crimes. In addressing this policy question, the Second Circuit considered an additional factor, grand jury secrecy. Grand jury secrecy would rest on the scale alongside maintaining confidentiality, weighing against in camera inspection; still the Second Circuit found that the balance tipped in favor of in camera inspection. In Re John Doe Corp., 675 F.2d at 490.
 
 
 17
 The need to prosecute crimes strongly supports in camera inspection. The attorney-client privilege was not designed to protect communications in furtherance of fraud or crime. When a communication, otherwise within the privilege, itself furthers fraud or crime, independent evidence of that fact rarely will be available. In such cases the independent evidence requirement would simply insulate dishonest parties from prosecution. See United States v. King, 536 F.Supp. 253, 262 (C.D.Cal.1982) (declining to follow Shewfelt 's independent evidence requirement).
 
 
 18
 Church of Scientology suggests that in camera inspection would undermine several important policies. First, inspection would allow the crime-fraud exception to eviscerate the attorney-client privilege. According to the Church, the possibility of inspection could "chill open attorney-client discussions." The fact that the inspections take place in camera, however, mitigates any chilling effect. A judge is not a prosecutor and will not expose discussions that are unrelated to the fraud or crime alleged.
 
 
 19
 Second, according to the Church, inspection would force courts to review "any and all attorney-client communications upon the mere allegation by a party ... that the crime-fraud exception applies." The fear of disclosure of even innocent communications could give prosecutors an unfair litigation advantage, and courts would incur the intolerable burden of reviewing file after file of communications.
 
 
 20
 In fact, the fear of disclosure of innocent communications would be reduced if the Ninth Circuit eliminated the independent evidence rule. In camera inspection would allow a district court more precisely to determine which communications further crime or fraud and which do not. Compare In Re Antitrust Grand Jury, 805 F.2d 155, 168 (6th Cir.1986).
 
 
 21
 In any case, the predicate for the Church's conclusions is incorrect: in camera inspection need not force courts to review any and all documents alleged to fall within the crime-fraud exception. I would set out a rule that gives district courts discretion. Besides helping to prevent prosecutorial fishing expeditions, a rule affording discretion to district courts would allow those courts to regulate their burden of in camera review.
 
 
 22
 A district court, faced with an argument that the crime-fraud exception applies, would decide for itself whether a given case warrants in camera review. A district court would exercise its discretion to conduct in camera review according to the circumstances--including the presence or absence of circumstantial and other independent evidence. In a proper case, a district court might reject the crime-fraud exception without in camera review: without inspecting all documents alleged to evidence crime or fraud, or even without inspecting any documents--without hearing all conversations alleged to evidence crime or fraud, or even without hearing any conversations.
 
 
 23
 For additional protection of privileged documents--to avoid disclosure of innocent documents--I would also set out a rule that requires district courts to allow the crime-fraud exception only in relation to communications that the court individually has inspected in camera. This approach would be in line with the Sixth Circuit's position. In In Re Antitrust Grand Jury, 805 F.2d 155, 168 (6th Cir.1986), the Sixth Circuit required the district court to review documents in camera before ordering them produced:
 
 
 24
 Not only do we believe in camera review is mandated to determine the scope of the order, in camera review of the documents could have assisted the court in determining whether a prima facie violation had been made.
 
 
 25
 Church of Scientology hints that inspection would undermine another policy, that of supporting adversarial argument. In endorsing in camera review, the Second Circuit decided that limitations on adversarial argument are outweighed by the need to resolve an evidentiary question while preserving confidentiality. 675 F.2d at 490. In any case, the independent evidence rule itself does not support adversarial argument insofar as the subject of the argument--the communication alleged to be in furtherance of crime or fraud--is available to one party and not the other. At best a distorted form of adversarial argument can occur.
 
 
 26
 Finally, according to the Church, Federal Rule of Evidence 104(a) and Bourjaily v. United States, --- U.S. ----, 107 S.Ct. 2775, 97 L.Ed.2d 144 (1987), indicate that a court making preliminary inquiries about a privilege must abide by preexisting evidence rules such as the independent evidence requirement. Rule 104(a), however, is not on point. The rule deals with questions about the existence of a privilege, not about an exception to a privilege:
 
 
 27
 Preliminary questions concerning the qualification of a person to be a witness, the existence of a privilege, or the admissibility of evidence shall be determined by the court, subject to the provisions of subdivision (b). In making its determination it is not bound by the rules of evidence except those with respect to privileges.
 
 
 28
 Church of Scientology gains no support for the independent evidence requirement by analogy to Rule 104(a). In the Ninth Circuit the rules of evidence with respect to privileges do allow for in camera review: a court undertakes in camera review of documents to decide whether the attorney-client privilege even exists with respect to those documents. In Re Grand Jury Witness, 695 F.2d 359, 362 (9th Cir.1982).
 
 
 29
 Church of Scientology garners no support from Bourjaily. In that case the Supreme Court held that a showing to admit a co-conspirator's statement under Rule 801(d)(2) need not rely on independent evidence, but may rely on the statement itself. If anything Bourjaily suggests that a court may indeed examine suspect communications when considering the crime-fraud exception. Compare 107 S.Ct. at 2780.
 
 
 30
 Accordingly, I would overrule Shewfelt, eliminate the independent evidence requirement, and allow in camera inspection of suspect communications. The way I would formulate the rule, however, would dictate that we affirm the district court in this case.
 
 IV
 
 31
 The government argues that the district court abused its discretion by rejecting the crime-fraud exception without inspecting all the tape recorded communications known to the government. According to the rule I have described, a district court would be within its discretion to reject the exception without inspecting all suspect communications or even any communications. In this case the government submitted only a partial transcript of material to the district court. When the government submitted that partial transcript, the government was aware of the entire contents of the tapes. See Government's Brief at 12 (discussing Xanthos Declaration submitted to district court on motion for reconsideration). The district court was entitled to rely on the government to highlight, to the best of its ability, those parts of the tapes that might fall within the crime-fraud exception.
 
 
 32
 On appeal the government asks us to order the district court to inspect those parts of the tapes that were not within the partial transcript. In the district court, however, the government did not indicate that a partial transcript was an inadequate basis for a ruling on the crime-fraud exception. See Denial of Motion for Reconsideration, Government's Supplemental Excerpt of Record at Tab 80. The government never explained why it had failed to include the other parts of the tapes in the partial transcript in the first place. Id. The district court was well within its discretion to consider only the partial transcript, and the district court did not abuse its discretion in rejecting the crime-fraud exception.
 
 V
 
 33
 We should overrule Shewfelt and eliminate the independent evidence requirement. An appropriate rule would make in camera review discretionary for the district court to reject the crime-fraud exception, mandatory for the district court to allow the exception and order disclosure. In this case the district court did not abuse its discretion by rejecting the exception without a complete review.
 
 
 
 [1]
 Ninth Circuit Rule 35-1 states, "When the opinion of a panel directly conflicts with an existing opinion by another court of appeals and substantially affects a rule of national application in which there is an overriding need for national uniformity, the existence of such conflict is an appropriate ground for suggesting a rehearing en banc."
 
 
 [2]
 The Church of Scientology fails to distinguish these cases in any principled way. The Church does point out, correctly, that one of the D.C. cases only represents the views of one member of that court. See In Re Sealed Case, 676 F.2d 793, 815 (D.C.Cir.1982) (J. Skelly Wright)