STATE OF NEBRASKA, APPELLEE, V. MICHAEL E. NEAL, APPELLANT.
436 N.W.2d 514

Filed March 3, 1989.    No. 88-328.

Jarve L. Garrett, of Garrett Law Office, for appellant.

Robert M. Spire, Attorney General, and Douglas J. Peterson for appellee.

HASTINGS, C.J., BOSLAUGH, WHITE, CAPORALE, SHANAHAN, GRANT, and FAHRNBRUCH, JJ.

SHANAHAN, J.

Michael E. Neal was convicted of robbery and use of a firearm in the robbery and, consequently, was sentenced for each conviction. In *State v. Neal*, 216 Neb. 709, 346 N.W.2d 218 (1984), we affirmed Neal's convictions and sentences. In a

postconviction proceeding, Neal appeals from the order denying him postconviction relief. We affirm.

Neal was charged with the March 30, 1982, armed robbery of a "Town & Country" store in Omaha and use of a firearm in the robbery. Michael Gutowski, a lawyer in the public defender's office, was appointed to represent Neal. On April 15, Neal was arraigned on the robbery and firearm charges, and, on his pleas of not guilty, Neal's cases were set for a jury trial. On September 8, the day before his jury trial was to begin, Neal apparently told the trial court that he had secured recently retained counsel and requested a continuance so that his retained counsel could prepare for trial. However, counsel whom Neal allegedly retained never made an appearance on Neal's behalf or otherwise confirmed representation of Neal.

Walter Bray, who had pled guilty to the same robbery charged against Neal, was sentenced the day that Neal's trial was scheduled to commence. At the commencement of Neal's trial and immediately after the jury had been impaneled, Neal requested to change his pleas from not guilty to guilty, which the district court allowed. The court found Neal guilty of robbery and use of a firearm in commission of the robbery, and thereafter sentenced Neal to consecutive sentences of 14 to 50 years' imprisonment for the robbery conviction and 5 to 20 years for the firearm conviction.

During the pendency of the direct appeal of his convictions, Neal filed an action for a writ of coram nobis in the district court, seeking a new trial on the ground of newly discovered evidence, namely, Neal's assertion that he had left the robbery site unaccompanied by Bray and other perpetrators of the robbery. At the coram nobis hearing, Gutowski testified that he had reviewed the evidence gathered by police in connection with the "Town & Country" robbery, including a statement given by Walter Bray, one of the robbers, who told police that Neal was not involved in the robbery. Gutowski further testified that he had attempted to interview Bray before Neal's trial, but learned through Bray's court-appointed lawyer that Bray refused to talk to Gutowski. Nevertheless, Gutowski obtained a subpoena for Bray's appearance as a witness in Neal's case. The district court, after a hearing, denied the requested coram nobis relief.

Neal's appeal to this court, seeking a review of the coram nobis proceeding, was summarily dismissed.

On December 16, 1987, Neal filed a motion for postconviction relief based on two grounds—ineffective assistance of counsel regarding the convictions for the robbery and firearm charges and denial of his right to counsel of his choice. The district court, after examining the record of Neal's hearing for the coram nobis writ, found that an evidential hearing was not required and, therefore, that Neal was entitled to no postconviction relief. See Neb. Rev. Stat. § 29-3001 (Reissue 1985) ("Unless the motion and the files and records of the case show to the satisfaction of the court that the prisoner is entitled to no relief, the court shall . . . grant a prompt hearing . . ."). After the district court's denial of Neal's request for postconviction relief, this appeal followed.

Neal does not challenge the district court's refusal to hold an evidential hearing on the postconviction motion. Rather, Neal questions the district court's substantive and factual determination that Gutowski performed "at least as well as a lawyer with ordinary training and skill in the criminal law" in Neal's defense. Neal bases his postconviction claim on the sixth amendment to the U.S. Constitution and asserts that Gutowski's failure to interview Walter Bray constitutes ineffective assistance of counsel because Gutowski, uninformed concerning Bray's version of the getaway, erroneously recommended that Neal plead guilty to the robbery and firearm charges.

As expressed in *State v. Hawthorne*, 230 Neb. 343, 347, 431 N.W.2d 630, 633 (1988):

[T]o sustain a claim of ineffective assistance of counsel as a violation of the sixth amendment to the U.S. Constitution and thereby obtain reversal of a defendant's conviction, the defendant must show that (1) counsel's performance was deficient and (2) such deficient performance prejudiced the defense, that is, a demonstration of reasonable probability that, but for counsel's deficient performance, the result of the proceeding would have been different.

Further, "[t]o sustain a claim of ineffective assistance of

counsel, the defendant has the burden to present a record which shows counsel's deficient performance in representing the defendant." *State v. Uwanaka*, 230 Neb. 808, 809, 433 N.W.2d 540, 541 (1989).

Neal argues that if Gutowski had interviewed Bray, Gutowski would have learned facts which would have affected and possibly altered Neal's decision to plead guilty to the charges. Additionally, Neal argues that Bray's version of the departure from the robbery site, namely, Neal did not accompany Bray and the other robbers as they made their getaway, was material evidence for Neal's defense—evidence which, due solely to counsel's ineffectiveness, was not discovered. Neal makes this claim despite Gutowski's testimony that Bray's version of the getaway would have had no significant effect on Gutowski's advice given before Neal entered his guilty pleas. In Gutowski's opinion, the most likely outcome of the trial would have been a finding of Neal's guilt irrespective of Bray's version about the getaway from the robbery.

The record clearly demonstrates that Gutowski made numerous efforts to talk to Bray by first contacting Bray's court-appointed attorney, a procedure which must be followed under our disciplinary rules. See Canon 7, DR 7-104, of the Code of Professional Responsibility:

(A) During the course of his representation of a client a lawyer shall not:

(1) Communicate or cause another to communicate on the subject of the representation with a party he knows to be represented by a lawyer in that matter unless he has the prior consent of the lawyer representing such other party or is authorized by law to do so.

Bray refused to talk to Gutowski during preparation for Neal's trial. Nevertheless, Gutowski recognized that Bray might testify that Neal had no part in the robbery and, as evidenced by the issued subpoena for Bray, planned to call Bray as a witness. Moreover, if Neal actually did not accompany Bray in the departure or getaway from the robbery site, it is difficult to understand why Neal, himself, failed to tell Gutowski this fact. If true, Bray's version of the robbery and getaway was

information already possessed by Neal but apparently withheld from his lawyer, which may be ineffective assistance, but not on the part of counsel. We reject the contention that Gutowski was ineffective in representing Neal and find Neal's ineffective assistance of counsel claim to be unsupported by the record.

Neal's further attack on the effectiveness of trial counsel is directed to the validity of Neal's pleas of guilty, a matter resolved against Neal on direct appeal. *State v. Neal*, 216 Neb. 709, 346 N.W.2d 218 (1984). In essence, Neal contends that Gutowski concocted the factual basis which Neal gave in conjunction with his guilty pleas, a contention unsupported by the record and expressly contradicted and categorically denied by Gutowski, who testified that he never "concoct[ed] a story for Mr. Neal to tell" the judge who accepted Neal's pleas. Also, a motion for postconviction relief cannot be used as a substitute for an appeal or to secure a further review of issues already litigated. *State v. Hochstein*, 216 Neb. 515, 344 N.W.2d 469 (1984). Neal's attacks on the validity of his pleas are meritless.

Neal next claims that the trial court erred in denying his motion for a continuance, made 1 day before his jury trial, so that Neal's allegedly retained counsel could familiarize himself with the record in Neal's case. As repeatedly expressed by this court, a continuance is a matter for the discretion of the trial court, whose ruling on a motion for continuance will be upheld unless such ruling constitutes an abuse of discretion. *State v. Fleming*, 223 Neb. 169, 388 N.W.2d 497 (1986).

Based on the record presented and inferences therefrom, Neal had ample time to secure new counsel during the nearly 5-month hiatus between his arraignment in April and his request for continuance made on the day before trial in September. Although Neal claims that he was dissatisfied with Gutowski immediately after counsel was appointed, Neal himself acknowledges that he had funds, or access to funds, to retain private counsel in mid-July 1982. Neal failed to obtain private counsel at that point, choosing instead to wait until the day before his trial to inform the court about his recently retained counsel. As noted in *State v. Keithley*, 218 Neb. 707, 708, 358 N.W.2d 761, 762-63 (1984), "A defendant will not be allowed to disrupt the orderly procedure of the trial court by

discharging his counsel on the eve of trial and demanding that all proceedings be stayed while he attempts to find other counsel." Similarly, in *State v. Eichelberger*, 227 Neb. 545, 557, 418 N.W.2d 580, 588 (1988), we held that "[w]here a criminal defendant is financially able to hire an attorney, he or she may not use his or her neglect in hiring one as a reason for delay." Under the circumstances, the trial court did not abuse its discretion in denying Neal's motion for a continuance, nor did the court's refusal to grant a continuance result in a violation of Neal's right to counsel.

Neal's pleas were validly entered and were not due to ineffectiveness of his court-appointed counsel. The decision of the district court, denying Neal an evidential hearing and dismissing Neal's motion for postconviction relief, is affirmed.

AFFIRMED.