STATE OF NEBRASKA, APPELLEE, V. TINA BIERNACKI, APPELLANT.
465 N.W.2d 732

Filed February 15, 1991.    No. 89-1484.

Sandra Frantz and Mary T. Kloeckner for appellant.

Robert M. Spire, Attorney General, and Barry Waid for appellee.

Hastings, C.J., White, Caporale, Shanahan, Grant, and Fahrnbruch, JJ., and Colwell, D.J., Retired.

Caporale, J.

Defendant-appellant, Tina Biernacki, pled guilty to a charge of distributing marijuana, in violation of Neb. Rev. Stat. § 28-416(1)(a) (Reissue 1989), and was so adjudged. Her assignments of error merge to claim, in sum, that (1) her plea

was neither voluntary nor valid, (2) the plaintiff-appellee State withheld exculpatory evidence or information, (3) she was entrapped, (4) she was the victim of gross and unconscionable overreaching by the State, (5) there were unspecified violations of the 9th and 10th amendments to the Constitution of the United States, (6) her counsel was ineffective, and (7) she is, in any event, innocent. We affirm.

As the result of an undercover operation, Biernacki was arrested and charged with two counts of the aforedescribed crime. In accordance with a plea bargain, the State dismissed one count, and Biernacki, who was then represented by appointed counsel, pled guilty to the other. Her appointed counsel filed a notice of appeal; after the notice was filed and the bill of exceptions ordered, appointed counsel withdrew in favor of retained counsel.

Biernacki's arguments are dependent on the allegations that the State sent an informer to her home on several occasions to attempt to purchase cocaine and marijuana, that she told the informer she neither had nor knew where to obtain those substances, and that the State then sent another "agent-informant" to her home in order to supply her with the marijuana later purchased by the first informer.

These assertions are not supported by any citations to the record. In that connection, we refer Biernacki to Neb. Ct. R. of Prac. 9D(1)f (rev. 1989), which requires that briefs contain appropriate references to the record. We also note that Biernacki's briefs exceed the page limitation imposed by Neb. Ct. R. of Prac. 9B(5) (rev. 1989), and caution that the failure of a party to submit a brief which complies with our rules may result in our treating the case as one in which no brief has been filed by that party. See *Grubbs v. Kula*, 212 Neb. 735, 325 N.W.2d 835 (1982). The fact that we have on this occasion conducted our own unassisted review of the short record in this case and have ignored the violation of the page limitation is not to be taken as an indication that we shall do so in future cases.

Biernacki claims the State acted illegally in making a sound recording of the drug sale. The bill of exceptions contains a few passing references to this recording, but the only information we have regarding its acquisition is contained in the presentence

investigation and in the unsubstantiated assertions made by Biernacki. According to the presentence investigation, recordings were made during two controlled buys via a transmitter carried by the purchaser, an unnamed "cooperating individual." It is Biernacki's position that this recording violates 18 U.S.C. §§ 2510 et seq. (1988), Neb. Rev. Stat. §§ 86-701 through 86-707 (Reissue 1987), and a Wyoming statute, Wyo. Stat. § 7-3-602 (Cum. Supp. 1990). The federal and Nebraska statutes govern interception of oral and wire communications and prohibit the use of illegally intercepted communications. Biernacki does not enlighten us as to why she thinks the Wyoming statute should be given extraterritorial effect. Perhaps it is somehow related to her claim that Nebraska violated the 10th amendment, more about which is written later.

Both the federal and Nebraska statutes cited by Biernacki are inapplicable where one of the parties to the communication consents to its interception. 18 U.S.C. § 2511(2)(c); § 86-702(2)(c); *State v. Manchester*, 220 Neb. 41, 367 N.W.2d 733 (1985). The information contained in the presentence investigation indicates that the cooperating individual consented to the interception and was a party to the communications recorded.

Biernacki also asserts that the purchaser was coerced into wearing the transmitter. Our review of the record does not reveal any indication of coercion. Although the presentence investigation reveals that unnamed misdemeanor charges against the informer were to be reduced or dropped in return for his assistance, such action by the government is insufficient to vitiate his consent, for a grant of immunity to a party consenting to the sound recording of a conversation does not render the consent involuntary. See, *United States v. Horton*, 601 F.2d 319 (7th Cir. 1979), *cert. denied* 444 U.S. 937, 100 S. Ct. 287, 62 L. Ed. 2d 197 (only evidence of coercive threats or activities to overbear participant's will can vitiate consent for purposes of 18 U.S.C. § 2511(2)(c)); *United States v. King*, 536 F. Supp. 253 (C.D. Cal. 1982), *overruled on other grounds*, *U.S. v. Zolin*, 842 F.2d 1135 (9th Cir. 1988), *vacated in part* 491 U.S. 554, 109 S. Ct. 2619, 105 L. Ed. 2d 469 (1989) (grant of immunity in return for consent not coercive).

Next, Biernacki asserts that her guilty plea was not voluntary because she

> was deprived of the information that the tape recordings and all evidence derived therefrom were mandatorily prohibited by an act of the Congress of the United States to be introduced or used in any proceeding . . . and, was deprived of the knowledge of the defenses available to her which included the gross and unconscionable overreaching of the government, the defense of entrapment and the defense [of] challenging the constitutionality of the statue [sic] as it is written and as it is applied to the Appellant.

Brief for appellant at 10. It is unclear whether Biernacki is contending that the arraigning court should have given her this information or whether trial counsel should have done so.

If Biernacki is asserting that the arraigning court had a duty to give her this information, she essentially is taking the position that it is a court's duty to perform defense counsel's job. None of the cases cited by Biernacki support such a proposition. Indeed, the rule is that in accepting a guilty plea, a court is not required to advise the defendant of possible defenses. *State v. Enfield*, 223 Neb. 870, 394 N.W.2d 667 (1986).

The arraigning court's duty in determining the voluntariness of a guilty plea was set out by this court in *State v. Irish*, 223 Neb. 814, 394 N.W.2d 879 (1986). Before accepting a plea of guilty, the court must inform the defendant of (1) the nature of the charge, (2) the right to assistance of counsel, (3) the right to confront adverse witnesses, (4) the right to trial by jury, and (5) the privilege against self-incrimination. The court must examine the defendant in order to determine whether she or he understands that information. Finally, the record must establish that there is a factual basis for the plea and that the defendant knew the range of penalties for the crime charged. *State v. Ponec*, 236 Neb. 710, 463 N.W.2d 793 (1990); *State v. Irish, supra*. See *Boykin v. Alabama*, 395 U.S. 238, 89 S. Ct. 1709, 23 L. Ed. 2d 274 (1969) (voluntariness of guilty plea cannot be presumed from silent record).

At her arraignment Biernacki was informed of, and

examined regarding, the waiver of her rights to confront adverse witnesses and to present witnesses in her favor, to subpoena witnesses, to trial by jury, and to the privilege against self-incrimination. She was also informed of the minimum and maximum penalties she could face if convicted. Although at this stage she was not informed of her right to counsel, she was represented by appointed counsel. A criminal defendant who is represented by counsel need not be informed that she or he has a right to be so represented. We have held that where the record reflected that a criminal defendant at all times in every proceeding was in fact represented by counsel and that defendant repeatedly acknowledged before the trial court that defendant fully understood the proceedings, the effects of the pleas, and the rights defendant was waiving, guilty pleas were knowingly and intelligently entered notwithstanding the fact that the court did not advise defendant of the right to counsel. *State v. Neal*, 216 Neb. 709, 346 N.W.2d 218 (1984), *cert. denied* 469 U.S. 1110, 105 S. Ct. 788, 83 L. Ed. 2d 782 (1985). Moreover, it appears from the transcript that Biernacki was informed of her right to counsel at an earlier appearance on the same matter, after which counsel was appointed, and that this earlier appearance was not made part of the bill of exceptions. As recently reaffirmed in *State v. Glover*, 236 Neb. 402, 461 N.W.2d 410 (1990), one who has been informed of her or his constitutional rights need not be reinformed of them on each subsequent court appearance, and an appellant who claims the evidence is insufficient to support a finding must present a bill of exceptions which contains all the evidence relevant to the questioned finding. What the record does show is that the trial court asked Biernacki if she was happy with her counsel's performance, and she stated that she was.

The bill of exceptions reveals that Biernacki was read the charges against her, and the plea arrangement worked out with the prosecutor was also discussed. After a discussion of the rights she would be waiving if she were to plead guilty, the following colloquy took place:

THE COURT: This charge, Tina Biernacki, shows and alleges that on September 12th, you delivered marijuana, distribution of marijuana, in Scotts Bluff County. How do

you plead to that charge, guilty or not guilty?

THE DEFENDANT: Guilty.

THE COURT: All right. Tell me what your situation was in this.

THE DEFENDANT: Well, when [the police informer] came out to buy marijuana, I was just there, you know, and I took the money.

THE COURT: You took the money?

THE DEFENDANT: Yes.

THE COURT: That was your part, you knew what was going on?

THE DEFENDANT: Yes, I knew what was going on.

Even though she was never directly asked whether she understood the nature of the charge against her, unquestionably the better practice, the foregoing colloquy nonetheless demonstrates that Biernacki understood the nature of the charge and that she understood what actions on her part gave rise to it.

The statements recounted above also demonstrate that there was a factual basis for the plea. The record therefore supports the arraigning court's determination that Biernacki freely, voluntarily, and intelligently entered her plea of guilty.

Biernacki also claims that her trial counsel was ineffective, thus rendering her guilty plea involuntary. In order to prove ineffective assistance of counsel and obtain a reversal of her conviction, Biernacki must show that her trial counsel's performance was deficient and that this deficiency prejudicially affected the outcome of her case. See, *State v. Britt, ante* p. 163, 465 N.W.2d 466 (1991); *State v. Keithley,* 236 Neb. 631, 463 N.W.2d 329 (1990); *State v. Thomas,* 236 Neb. 553, 462 N.W.2d 862 (1990); *Strickland v. Washington,* 466 U.S. 668, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984).

Biernacki's claim of ineffective assistance of counsel consists of three parts: (1) Counsel failed to investigate the case; (2) counsel failed to interview witnesses; and (3) counsel "withheld evidence [from her], refused to permit [her] to see or listen to the tapes, failed to investigate the defenses available to [her] and told [her] that [she] had no choice but to plead guilty." Brief for appellant at 31-32. The record quite simply does not contain

evidence which supports these claims. It is Biernacki's burden as the appellant to present a record which affirmatively supports her claim to ineffective assistance of counsel. See, *State v. Neal*, 231 Neb. 415, 436 N.W.2d 514 (1989); *State v. Shepard*, 208 Neb. 188, 302 N.W.2d 703 (1981). Biernacki has not met her burden.

The remaining assignments of error, i.e., the withholding of exculpatory evidence or information, her entrapment, the gross and unconscionable overreaching by the State, the unspecified violations of the 9th and 10th amendments to the federal Constitution, and the claimed overlooking of Biernacki's asserted innocence, must be rejected.

First, these remaining assignments of error are merely assertions of defenses to the crime charged. A voluntary and valid plea of guilty embodies a waiver of all defenses to the charge—procedural, statutory, and constitutional—except for the defense that the information or complaint is insufficient to charge a criminal offense. *State v. Edwards*, 236 Neb. 445, 462 N.W.2d 93 (1990). Therefore, these alleged errors were waived by Biernacki when she entered her plea.

Second, these errors are all dependent on facts which are not contained in the record presented to us. The party appealing has the responsibility of including within the bill of exceptions matters from the record which the party believes are material to the issues presented for review. Neb. Rev. Stat. § 25-1140 (Reissue 1989); *State v. Schaneman*, 235 Neb. 655, 456 N.W.2d 764 (1990); *State v. Isikoff*, 223 Neb. 679, 392 N.W.2d 783 (1986); Neb. Ct. R. of Prac. 5A(2) (rev. 1989). A bill of exceptions is the only vehicle for bringing evidence before the Supreme Court; evidence which is not made part of the bill of exceptions may not be considered. *State v. Manchester*, 213 Neb. 670, 331 N.W.2d 776 (1983); *State v. Gingrich*, 211 Neb. 786, 320 N.W.2d 445 (1982). Therefore, even if the assigned errors had not been waived, absent a bill of exceptions which supports them, we would be forced to conclude that they are without merit.

The record failing to sustain any of Biernacki's summarized assignments of error, we affirm.

AFFIRMED.