We reverse, and remand with directions to the district court to order the county court to file a complete bill of exceptions with the district court or, in the alternative, to hold a new trial. As such, we need not address the Whelans' second assignment of error.

### CONCLUSION

The order of the district court affirming the judgment of the county court is reversed, and the cause is remanded with directions.

Reversed and remanded with directions.

Miller-Lerman, J., participating on briefs.

———————————

State of Nebraska, appellee, v.
Dean L. Osborne, appellant.
___ N.W.2d ___

Filed June 28, 2013.    No. S-12-112.

1. **Criminal Law: Convictions: Evidence: Appeal and Error.** When reviewing a criminal conviction for sufficiency of the evidence to sustain the conviction, the relevant question for an appellate court is whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.
2. **Convictions: Appeal and Error.** In reviewing a criminal conviction, an appellate court does not resolve conflicts in the evidence, pass on the credibility of witnesses, or reweigh the evidence.
3. **Trial: Effectiveness of Counsel: Evidence: Appeal and Error.** An ineffective assistance of counsel claim will not be addressed on direct appeal if it requires an evidentiary hearing.

Petition for further review from the Court of Appeals, Irwin, Pirtle, and Riedmann, Judges, on appeal thereto from the District Court for Saunders County, Mary C. Gilbride, Judge, on appeal thereto from the County Court for Saunders County, Marvin V. Miller, Judge. Judgment of Court of Appeals affirmed.

Cynthia R. Lamm, of Law Office of Cynthia R. Lamm, for appellant.

Jon Bruning, Attorney General, and Kimberly A. Klein for appellee.

Heavican, C.J., Wright, Stephan, and Miller-Lerman, JJ.

Per Curiam.

## NATURE OF CASE

This case is before us on further review of the decision of the Nebraska Court of Appeals. See *State v. Osborne*, 20 Neb. App. 553, 826 N.W.2d 892 (2013). Dean L. Osborne was convicted in the county court for Saunders County of third degree sexual assault and admitting a minor to an obscene motion picture, show, or presentation. The district court affirmed. The Court of Appeals affirmed the third degree sexual assault conviction, but reversed the obscenity-related count. We granted Osborne's petition for further review; neither party challenges the reversal of the obscenity-related conviction on further review. Osborne claims that the Court of Appeals erred when it failed to find that (1) there was not sufficient evidence to support his conviction for third degree sexual assault and (2) he received ineffective assistance of trial counsel. We affirm the decision of the Court of Appeals.

## STATEMENT OF FACTS

The underlying facts of this case are set forth in greater detail in the Court of Appeals' opinion. See *id*. Generally, Osborne was convicted in the county court for Saunders County of third degree sexual assault, Neb. Rev. Stat. § 28-320(1) (Reissue 2008), and admitting a minor to an obscene motion picture, show, or presentation, Neb. Rev. Stat. § 28-809 (Reissue 2008). The charges against Osborne arose from events involving the alleged victim, A.H., which occurred during the second half of 2009. The district court affirmed his convictions.

On appeal to the Court of Appeals, Osborne claimed that the district court erred in various respects, including when it found that there was sufficient evidence to support his convictions and when it determined that the record was insufficient to review his claims of ineffective assistance of trial counsel. The Court of Appeals concluded that there was not sufficient evidence

to support Osborne's conviction for admitting a minor to an obscene motion picture, show, or presentation. The Court of Appeals reversed this conviction and remanded the cause with directions to dismiss the charge. The Court of Appeals, however, concluded that there was sufficient evidence to support the conviction for third degree sexual assault and affirmed that conviction. The Court of Appeals did not address Osborne's other claims, including the claim related to ineffective assistance of trial counsel. One member of the three-judge panel dissented from that portion of the opinion which affirmed the third degree sexual assault conviction. The dissenting opinion generally asserts that the record does not support a finding that Osborne's acts in touching the victim were for sexual arousal or gratification as required by Neb. Rev. Stat. § 28-318(5) (Reissue 2008).

We granted Osborne's petition for further review.

## ASSIGNMENTS OF ERROR

Osborne claims that the Court of Appeals erred when it (1) concluded that there was sufficient evidence to support his conviction for third degree sexual assault and (2) failed to address his claims of ineffective assistance of trial counsel.

## STANDARDS OF REVIEW

[1,2] When reviewing a criminal conviction for sufficiency of the evidence to sustain the conviction, the relevant question for an appellate court is whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *State v. Watt*, 285 Neb. 647, ___ N.W.2d ___ (2013). In reviewing a criminal conviction, an appellate court does not resolve conflicts in the evidence, pass on the credibility of witnesses, or reweigh the evidence. *Id*.

## ANALYSIS

With regard to the sufficiency of the evidence to support Osborne's conviction for third degree assault, having reviewed the briefs and record and having heard oral arguments, and considering the relevant standard of appellate review, we

conclude on further review that the decision of the Court of Appeals in *State v. Osborne*, 20 Neb. App. 553, 826 N.W.2d 892 (2013), is not erroneous. Accordingly, we affirm the decision of the Court of Appeals which affirmed the portion of the district court's order in which it affirmed Osborne's conviction for third degree sexual assault.

With regard to Osborne's claims related to the alleged ineffectiveness of trial counsel, we note that the Court of Appeals did not discuss this claim. In contrast, the district court sitting as an appellate court did consider effectiveness of trial counsel and stated that it would not "address the ineffective counsel issues on this direct appeal as an evidentiary hearing would be required for such a review."

[3] We have often stated that an ineffective assistance of counsel claim will not be addressed on direct appeal if it requires an evidentiary hearing. *State v. Watt, supra*. The district court determined that an evidentiary hearing would be required, and we agree with the district court's assessment of the record. We treat the Court of Appeals' silence on the issue as its indication that the ineffective assistance of trial counsel issue could not be reached on direct appeal on the existing record, and so construed, we agree.

## CONCLUSION

On further review, we affirm the decision of the Court of Appeals.

AFFIRMED.

CONNOLLY and MCCORMACK, JJ., participating on briefs.
CASSEL, J., not participating.

––––––––––

STATE OF NEBRASKA, APPELLEE, V.
MICHALE M. DIXON, APPELLANT.
___ N.W.2d ___

Filed June 28, 2013.   No. S-12-791.

1. **Constitutional Law: Criminal Law: Right to Counsel.** The Sixth Amendment to the U.S. Constitution provides that in all criminal prosecutions, the accused shall have the assistance of counsel for his or her defense.