conclude on further review that the decision of the Court of Appeals in *State v. Osborne*, 20 Neb. App. 553, 826 N.W.2d 892 (2013), is not erroneous. Accordingly, we affirm the decision of the Court of Appeals which affirmed the portion of the district court's order in which it affirmed Osborne's conviction for third degree sexual assault.

With regard to Osborne's claims related to the alleged ineffectiveness of trial counsel, we note that the Court of Appeals did not discuss this claim. In contrast, the district court sitting as an appellate court did consider effectiveness of trial counsel and stated that it would not "address the ineffective counsel issues on this direct appeal as an evidentiary hearing would be required for such a review."

[3] We have often stated that an ineffective assistance of counsel claim will not be addressed on direct appeal if it requires an evidentiary hearing. *State v. Watt, supra*. The district court determined that an evidentiary hearing would be required, and we agree with the district court's assessment of the record. We treat the Court of Appeals' silence on the issue as its indication that the ineffective assistance of trial counsel issue could not be reached on direct appeal on the existing record, and so construed, we agree.

## CONCLUSION

On further review, we affirm the decision of the Court of Appeals.

AFFIRMED.

CONNOLLY and MCCORMACK, JJ., participating on briefs.
CASSEL, J., not participating.

––––––––––––––

STATE OF NEBRASKA, APPELLEE, V.
MICHALE M. DIXON, APPELLANT.
___ N.W.2d ___

Filed June 28, 2013.    No. S-12-791.

1. **Constitutional Law: Criminal Law: Right to Counsel.** The Sixth Amendment to the U.S. Constitution provides that in all criminal prosecutions, the accused shall have the assistance of counsel for his or her defense.

2. ____: ____: ____. An indigent criminal defendant's Sixth Amendment right to counsel does not include the right to counsel of the indigent defendant's own choice.

3. **Rules of the Supreme Court: Right to Counsel.** Neb. Ct. R. of Prof. Cond. § 3-501.2(d) (rev. 2008) provides that a limited appearance may be entered by a lawyer only when a person is not represented.

4. **Right to Counsel: Waiver: Effectiveness of Counsel.** Counsel appointed to an indigent defendant must remain with the defendant unless one of three conditions is met: (1) The accused knowingly, voluntarily, and intelligently waives the right to counsel and chooses to proceed pro se; (2) appointed counsel is incompetent, in which case new counsel is to be appointed; or (3) the accused chooses to retain private counsel.

5. **Criminal Law: Courts: Right to Counsel: Time.** A district court has discretion in determining the amount of time to allow a criminal defendant to attempt to retain private counsel.

6. **Criminal Law: Right to Counsel: Time.** Where a criminal defendant is financially able to hire an attorney, he or she may not use his or her neglect in hiring one as a reason for delay.

7. **Effectiveness of Counsel: Proof.** In order to establish whether a defendant was denied effective assistance of counsel, the defendant must first demonstrate that counsel was deficient; that is, counsel did not perform at least as well as a criminal lawyer with ordinary training and skill in the area. Second, the defendant must show that he or she was prejudiced by the actions or inactions of his or her counsel; that is, the defendant must demonstrate with reasonable probability that but for counsel's deficient performance, the result of the proceeding would have been different.

8. **Appeal and Error.** A party cannot complain of error which he or she has invited the court to commit.

Appeal from the District Court for Lancaster County: Karen B. Flowers, Judge. Affirmed.

Steffanie J. Garner Kotik, of Kotik & McClure Law, for appellant.

Jon Bruning, Attorney General, and Kimberly A. Klein for appellee.

Heavican, C.J., Wright, Connolly, Stephan, Miller-Lerman, and Cassel, JJ.

Heavican, C.J.

### INTRODUCTION

Michale M. Dixon pled no contest to the unauthorized use of a financial transaction device with a value between $500

and $1,500. Dixon was found to be a habitual criminal and was sentenced to 10 to 20 years' imprisonment. On appeal, Dixon claims that her Sixth Amendment right to counsel was denied when private counsel was prohibited from entering a limited appearance in her case. Dixon further claims that her trial counsel was ineffective and that the district court erred in sentencing her on the same day it accepted her plea. We affirm the decision of the district court.

## FACTUAL BACKGROUND

The facts of this case are not contested. On April 9, 2012, Dixon was charged with the unauthorized use of a financial transaction device with a value between $500 and $1,500, and with another offense in a separate case. The information filed in this case alleges that on or about December 15, 2011, Dixon used a bank debit card which was not hers for the purpose of obtaining money or credit with intent to defraud or without the authorization of the owner of the debit card. The public defender's office was appointed to represent Dixon on both sets of Dixon's offenses, because she was found to be indigent.

On June 28, 2012, the public defender and the prosecutor assigned to this case appeared before the district court, with Dixon present, and informed the court that they both had been contacted repeatedly by attorney Frank Robak, Sr., about the case. The public defender and the prosecutor informed the court that Robak had been paid a retainer fee by Dixon's fiance to represent Dixon, but had not entered a formal appearance in the case. Dixon reported to the public defender that she had paid Robak enough money for him to enter a plea on Dixon's behalf, but that Robak was requesting more money to proceed with a jury trial. The public defender further explained that Dixon had requested a continuance in the case so that Dixon could gather the funds necessary to retain Robak and proceed with trial. The prosecutor informed the court that she had no objection to the continuance of the matter so that Dixon could obtain funds to retain Robak for representation.

The court allowed for the continuance, and Dixon waived all of her rights to a speedy trial on the record. The court further

explained to Dixon that because Robak had never entered an appearance in the case, he was not currently representing Dixon and that the public defender was her current counsel. A status hearing was scheduled for July 24, 2012, for the parties to inform the court as to whether Dixon was able to retain Robak.

On July 18, 2012, Robak filed a "Limited Appearance of Counsel" on behalf of Dixon for the "limited purpose of attempting immediate resolution of this case without necessity of a trial or complex hearings." A week after this filing, on July 24, the court conducted the scheduled status hearing with the public defender and the prosecutor present. Robak was not present at the hearing. The court reported on the record that Robak confirmed with the court and the various parties in chambers the week prior that he would not be representing Dixon and that he would be withdrawing his limited appearance. The court further noted that pursuant to Neb. Ct. R. of Prof. Cond. § 3-501.2(d) (rev. 2008), a limited appearance may be entered by a lawyer only when a party is not represented and that it considered Robak's limited appearance a "nullity," regardless of whether Robak was going to withdraw it. The court then made a docket entry reflecting this finding.

On July 30, 2012, the public defender and the prosecutor appeared before the district court again, with Dixon present, to address Robak's continued contact with Dixon. According to Dixon's public defender, Robak continued to communicate with Dixon regarding the case. The public defender reported Robak had instructed Dixon to inform the court that Dixon supported his limited appearance and that the court should take notice of this. The court refused to take such notice, again noting that "a person may enter a limited appearance for a person who is not represented" and that "Dixon is represented." The court further instructed Dixon that Robak had to fully represent her or not represent her at all. The court explained to Dixon that Robak had previously told the court in chambers prior to the July 24 status hearing that he would represent Dixon in seeking a plea, but not if the case went

to trial. However, there was no plea offer before the court. Thus, the court found Robak was not representing Dixon. Dixon's case was then placed on the court's trial list for the September term.

On August 1, 2012, the court sent a letter to Robak, with copies to the prosecutor and the public defender. The letter stated that the court understood that Robak was going to withdraw his limited appearance, as he had indicated at the July 18 in-chambers meeting, but that he had failed to do so. The letter further reported that the Nebraska rules on limited representation do not permit a lawyer to enter a limited appearance on behalf of a person who is represented by counsel. The letter contained a copy of § 3-501.2(d) and explained that the public defender was Dixon's current attorney unless the court specifically gave the public defender permission to withdraw from the case.

On August 30, 2012, Dixon pled no contest to the unauthorized use of a financial device with a value between $500 and $1,500. The court found that Dixon understood her rights and the consequences of waiving those rights and that Dixon's waiver was freely, voluntarily, knowingly, and intelligently given. The court accepted Dixon's plea. In exchange for Dixon's plea of no contest, the offense charged in Dixon's other case was dismissed. Dixon then reported to the court that she was satisfied with the job the public defender had done in this matter. After the court accepted Dixon's plea, it asked Dixon if she wanted to be sentenced that day. Dixon answered affirmatively and confirmed she had discussed this with counsel.

An enhancement hearing was then held, and the prosecution entered five exhibits into evidence relating to Dixon's various prior convictions. The exhibits demonstrated that in 2000, Dixon was sentenced to two separate terms of imprisonment for 1 to 3 years, to run concurrently, for two counts of second degree forgery; in 2005, Dixon was sentenced to two separate terms of imprisonment for 6 to 10 years, to run concurrently, for burglary and criminal possession of a financial transaction device. Dixon objected to the admittance of the exhibits

related to her 2000 convictions. Dixon claimed those convictions were currently on appeal for the reason that she was not aware in 2000 that she could have transferred those cases to juvenile court. As such, Dixon argued those convictions could not be used for enhancement purposes. Dixon also objected to the exhibits related to her 2005 convictions. She asserted that the past convictions established by those exhibits were also not appropriate for enhancement purposes because she was presently serving sentences for those convictions.

The court found all of Dixon's objections to be collateral attacks on the earlier judgments. The court then found Dixon to be a habitual criminal for purposes of enhancement and sentenced Dixon to 10 to 20 years' imprisonment. Dixon timely appealed.

## ASSIGNMENTS OF ERROR

Dixon assigns that (1) the district court committed reversible error by denying her Sixth Amendment right to counsel of her choosing by not allowing Robak to appear in the case, (2) she received ineffective assistance of counsel in that her public defender failed to file an interlocutory appeal challenging the denial of the entry of appearance of Robak, and (3) the district court erred in proceeding with sentencing on the same day as the plea hearing because there were unresolved postconviction proceedings that would have affected the sentence in this matter.

## STANDARD OF REVIEW

When dispositive issues on appeal present questions of law, an appellate court has an obligation to reach an independent conclusion irrespective of the decision of the court below.[1]

Appellate review of a claim of ineffective assistance of counsel is a mixed question of law and fact. When reviewing a claim of ineffective assistance of counsel, an appellate court reviews the factual findings of the lower court for clear error.[2] To prevail on a claim of ineffective assistance of counsel

---

[1] *State v. Scheffert*, 279 Neb. 479, 778 N.W.2d 733 (2010).

[2] *State v. Moyer*, 271 Neb. 776, 715 N.W.2d 565 (2006).

under *Strickland v. Washington*,[3] the defendant must show that counsel's performance was deficient and that this deficient performance actually prejudiced his or her defense. With regard to the question of counsel's performance or prejudice to the defendant as part of the two-pronged test, an appellate court reviews such legal determinations independently of the lower court's decision.[4]

## ANALYSIS

*Sixth Amendment Right to Counsel.*

In her first assignment of error, Dixon argues that the district court denied her Sixth Amendment right to counsel of her choosing by not allowing Robak to enter a limited appearance in this case. Dixon's argument is without merit.

[1,2] The Sixth Amendment to the U.S. Constitution provides that "[i]n all criminal prosecutions, the accused shall . . . have the Assistance of Counsel for his [or her] defence." This court has held that an indigent criminal defendant's Sixth Amendment right to counsel does not include the right to counsel of the indigent defendant's own choice.[5] On appeal, Dixon does not contest that she was found to be indigent. As such, Dixon's argument regarding her choice of counsel is without merit.

[3] Nor did the court err in prohibiting Robak from entering a limited appearance on Dixon's behalf. Section 3-501.2(d) provides that a limited appearance may be entered by a lawyer only when a person is not represented. In this case, Dixon was represented throughout the proceedings. As such, the court did not err in finding Robak's limited appearance to be a nullity.

[4] Furthermore, this court has held that counsel appointed to an indigent defendant must remain with the defendant unless one of three conditions is met: (1) The accused knowingly, voluntarily, and intelligently waives the right to counsel and

---

[3] *Strickland v. Washington*, 466 U.S. 668, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984).

[4] See *Moyer, supra* note 2.

[5] *State v. Bustos*, 230 Neb. 524, 432 N.W.2d 241 (1988).

chooses to proceed pro se; (2) appointed counsel is incompetent, in which case new counsel is to be appointed; or (3) the accused chooses to retain private counsel.[6] At no time throughout her proceedings did Dixon waive her right to her appointed public defender and choose to proceed pro se, nor does the record reflect that Dixon reported to the court that her appointed counsel was incompetent.

[5,6] The record establishes, however, that Dixon expressed her desire to the court to retain Robak as private counsel to replace her assigned public defender and asked the court for a continuance to obtain funds to hire Robak. We have held that a district court has discretion in determining the amount of time to allow a criminal defendant to attempt to retain private counsel.[7] We have further held that "'[w]here a criminal defendant is financially able to hire an attorney, he or she may not use his or her neglect in hiring one as a reason for delay.'"[8]

Dixon's public defender, the prosecution, and the court did not object to Dixon's request to retain Robak. Dixon's request for a continuance was granted, and the court, within its discretion, allowed Dixon almost a month's time to gather the funds Robak had requested for full representation. The court explained to Dixon that because Robak had never entered an appearance in the case, he was not currently representing Dixon, and that the public defender was still her current counsel. Therefore, the public defender was required to remain with Dixon unless and until Dixon successfully retained Robak.[9] But as expressed by Robak himself, Dixon failed to gather funds to retain Robak.

During the continuance and while the public defender continued to represent Dixon, Robak filed his "Limited Appearance of Counsel" on behalf of Dixon. Subsequent to his filing, Robak reported to the court that Dixon could not pay him his requested fees for full representation and that he would be

[6] *State v. Sandoval*, 280 Neb. 309, 788 N.W.2d 172 (2010).

[7] See *State v. Neal*, 231 Neb. 415, 436 N.W.2d 514 (1989).

[8] *Id*. at 420, 436 N.W.2d at 518.

[9] *Sandoval*, *supra* note 6.

withdrawing his limited appearance. Citing to § 3-501.2(d), the court found Robak's limited appearance to be a nullity and continued to deny Robak's attempts to make a limited appearance on Dixon's behalf.

As Dixon's attempts to gather funds to retain Robak were unsuccessful, Dixon remained represented by her public defender at all times in this matter. Thus, as Dixon was represented by the public defender, pursuant to § 3-501.2(d), the court did not err in finding Robak's limited appearance to be a nullity and in denying Robak's continued attempts to enter a limited appearance on Dixon's behalf. Dixon's first assignment of error is without merit.

*Ineffective Assistance of Counsel.*

[7] In her second assignment of error, Dixon claims that her public defender was ineffective because she failed to file an interlocutory appeal when the district court did not allow Robak to enter a limited appearance. In order to establish whether a defendant was denied effective assistance of counsel, the defendant must first demonstrate that counsel was deficient; that is, counsel did not perform at least as well as a criminal lawyer with ordinary training and skill in the area. Second, the defendant must show that he or she was prejudiced by the actions or inactions of her counsel; that is, the defendant must demonstrate with reasonable probability that but for counsel's deficient performance, the result of the proceeding would have been different.[10]

Because the district court correctly found that Robak's limited appearance was invalid pursuant to Nebraska law, there was no pertinent issue for her public defender to appeal. Because Dixon has failed to show how her counsel was deficient, she was not prejudiced. Dixon's second assignment of error is without merit.

*Dixon's Sentencing.*

In her final assignment of error, Dixon asserts that the district court erred in sentencing her on the same day that her

---

[10] *State v. Al-Zubaidy*, 263 Neb. 595, 641 N.W.2d 362 (2002).

plea was taken. Dixon contends that the objections she made at her enhancement hearing related to her past convictions demonstrated to the court that certain issues on appeal could affect the enhancement of her sentence. Dixon argues here that the court should have waited until those matters were decided before sentencing her.

[8] The district court confirmed with Dixon, however, that she wanted to be sentenced on the same day her plea was taken and that she had discussed this with counsel. "It has long been the rule in this state that a party cannot complain of error which he [or she] has invited the court to commit."[11] Dixon's final assignment of error is without merit.

## CONCLUSION

We affirm Dixon's conviction and sentence.

Affirmed.

McCormack, J., participating on briefs.

_____

[11] *Norwest Bank Neb. v. Bowers*, 246 Neb. 83, 85, 516 N.W.2d 623, 624 (1994).

_____

State of Nebraska, appellee, v.
Jason L. Marks, appellant.
___ N.W.2d ___

Filed June 28, 2013.    No. S-12-931.

1. **Postconviction: Appeal and Error.** In appeals from postconviction proceedings, an appellate court independently resolves questions of law.
2. **Postconviction: Constitutional Law.** A trial court's ruling that a petitioner's allegations are refuted by the record or are too conclusory to demonstrate a violation of the petitioner's constitutional rights is not a finding of fact—it is a determination, as a matter of law, that the petitioner has failed to state a claim for postconviction relief.
3. **Postconviction: Constitutional Law: Appeal and Error.** In appeals from post-conviction proceedings, an appellate court reviews de novo a determination that the defendant failed to allege sufficient facts to demonstrate a violation of his or her constitutional rights or that the record and files affirmatively show that the defendant is entitled to no relief.