Nebraska Supreme Court Online Library
www.nebraska.gov/apps-courts-epub/
07/07/2023 09:08 AM CDT

State of Nebraska, appellee, v.
Amanda L. Applehans, appellant.

___ N.W.2d ___

Filed July 7, 2023.    No. S-22-864.

1. **Effectiveness of Counsel: Appeal and Error.** Assignments of error on direct appeal regarding ineffective assistance of trial counsel must specifically allege deficient performance, and an appellate court will not scour the remainder of the brief in search of such specificity.

2. **Appeal and Error.** Consideration of plain error occurs at the discretion of an appellate court.

3. \_\_\_\_. Plain error may be found on appeal when an error unasserted or uncomplained of at trial, but plainly evident from the record, prejudicially affects a litigant's substantial right and, if uncorrected, would result in damage to the integrity, reputation, and fairness of the judicial process.

4. **Sentences: Appeal and Error.** An appellate court will not disturb a sentence imposed within the statutory limits absent an abuse of discretion by the trial court.

5. **Judgments: Words and Phrases.** An abuse of discretion occurs when a trial court's decision is based upon reasons that are untenable or unreasonable or if its action is clearly against justice or conscience, reason, and evidence.

6. **Sentences: Appeal and Error.** Where a sentence imposed within the statutory limits is alleged on appeal to be excessive, the appellate court must determine whether a sentencing court abused its discretion in considering and applying the relevant factors as well as any applicable legal principles in determining the sentence to be imposed.

7. **Judgments: Justiciable Issues.** Justiciability issues that do not involve a factual dispute present a question of law.

8. **Public Officers and Employees: Presumptions.** In the absence of evidence to the contrary, it may be presumed that public officers faithfully performed their official duties, and absent evidence showing

misconduct or disregard of the law, the regularity of official acts is presumed.

9. **Words and Phrases.** A substantial right is an essential legal right, not merely a technical right.

Appeal from the District Court for Buffalo County: JOHN H. MARSH, Judge. Affirmed.

Tana M. Fye, of Fye Law Office, for appellant.

Michael T. Hilgers, Attorney General, and Matthew Lewis for appellee.

HEAVICAN, C.J., MILLER-LERMAN, CASSEL, STACY, FUNKE, PAPIK, and FREUDENBERG, JJ.

CASSEL, J.

## INTRODUCTION

Amanda L. Applehans appeals from sentences imposing both imprisonment and post-release supervision in a criminal case. She contends that the district court failed to advise her of the conditions of her post-release supervision, that it imposed excessive sentences, and that it failed to consider the appropriate factors in setting and reviewing her bond. She also alleges ineffective assistance of trial counsel. Finding no merit to Applehans' claims on appeal, we affirm the district court's judgment.

## BACKGROUND

The district court accepted Applehans' no contest pleas to a Class IIIA felony and a Class I misdemeanor. It imposed a determinate sentence of 6 months' imprisonment for each conviction, to be served concurrently, with 106 days' credit for time served. It further sentenced Applehans to 1 year of post-release supervision.

Prior to sentencing, Applehans waived her right to a presentence investigation. Neither party offered evidence at her sentencing hearing.

The court pronounced Applehans' sentences on the record, referring to "the standard terms of post-release supervision," and it entered two orders. In one of these orders, the court outlined the specific conditions of Applehans' post-release supervision. That order contained a blank "signature line" in which the recipient of the order could confirm his or her receipt of it. Although the signature line was left blank, attached to the order was a certificate of service by a clerk of the district court, stating that the order was promptly served upon Applehans' trial counsel, "Probation," and two attorneys in the county attorney's office.

Applehans filed a timely appeal, which we moved to our docket.[1]

## ASSIGNMENTS OF ERROR

Applehans assigns, restated and reordered, that the district court "committed plain error" by (1) failing to advise her of the requirements of her post-release supervision and, purportedly, not providing her with a copy of the post-release supervision order; (2) imposing excessive sentences, which amounted to an abuse of discretion; and (3) failing to consider all required factors in setting and reviewing her bond. Applehans further assigns that she "received ineffective assistance of [trial] counsel."

[1] Because Applehans' last assignment of error fails to specifically allege any deficient performance by her counsel, we do not address it. Assignments of error on direct appeal regarding ineffective assistance of trial counsel must specifically allege deficient performance, and an appellate court will not scour the remainder of the brief in search of such specificity.[2]

---

[1] See Neb. Rev. Stat. § 24-1106(3) (Cum. Supp. 2022).

[2] *State v. Fernandez*, 313 Neb. 745, 986 N.W.2d 53 (2023).

## STANDARD OF REVIEW

[2,3] Consideration of plain error occurs at the discretion of an appellate court.[3] Plain error may be found on appeal when an error unasserted or uncomplained of at trial, but plainly evident from the record, prejudicially affects a litigant's substantial right and, if uncorrected, would result in damage to the integrity, reputation, and fairness of the judicial process.[4]

[4-6] An appellate court will not disturb a sentence imposed within the statutory limits absent an abuse of discretion by the trial court.[5] An abuse of discretion occurs when a trial court's decision is based upon reasons that are untenable or unreasonable or if its action is clearly against justice or conscience, reason, and evidence.[6] Where a sentence imposed within the statutory limits is alleged on appeal to be excessive, the appellate court must determine whether a sentencing court abused its discretion in considering and applying the relevant factors as well as any applicable legal principles in determining the sentence to be imposed.[7]

[7] Justiciability issues that do not involve a factual dispute present a question of law.[8]

## ANALYSIS

### Post-Release Supervision

Applehans assigns that the district court "committed plain error" by failing to advise her of the requirements of her post-release supervision and, purportedly, not providing her with a copy of the post-release supervision order. She argues that "the specific requirements and expectations of the Court's

---

[3] *State v. Roth*, 311 Neb. 1007, 977 N.W.2d 221 (2022).

[4] *Id.*

[5] *State v. Hines*, 313 Neb. 685, 985 N.W.2d 625 (2023).

[6] *State v. Abligo*, 312 Neb. 74, 978 N.W.2d 42 (2022).

[7] *State v. Hines, supra* note 5.

[8] *State v. Thomas*, 311 Neb. 989, 977 N.W.2d 258 (2022).

order were not explained to [her] on the record, nor was a copy provided to [her], even though [it] appears to contemplate this occurring, due to the signature line on the form."[9]

We begin by recalling statutes from the Nebraska Probation Administration Act[10]—which covers post-release supervision[11]—as well as a specific rule[12] that is particularly relevant.

Under the act, post-release supervision is defined as "the portion of a split sentence following a period of incarceration under which a person found guilty of a crime . . . is released by a court subject to conditions imposed by the court and subject to supervision by the [Office of Probation Administration]."[13] All sentences of post-release supervision are subject to conditions imposed under § 29-2262.[14] When a court sentences an offender to post-release supervision, the court shall specify the term of such post-release supervision.[15] Further, it "shall . . . (ii) [a]dvise the offender on the record the time the offender will serve on his or her term of post-release supervision."[16]

A specific rule, Neb. Ct. R. § 6-1904, addresses orders of post-release supervision. Although the parties do not cite this rule in their briefing, we find it to be relevant to the assignment of error. The rule dictates that the post-release supervision be imposed at sentencing.[17] The timing is logical,

---

[9] Brief for appellant at 14.

[10] See Neb. Rev. Stat. §§ 29-2246 to 29-2269 (Reissue 2016 & Cum. Supp. 2022).

[11] See *State v. Dill*, 300 Neb. 344, 913 N.W.2d 470 (2018) (discussing statutory framework regarding post-release supervision).

[12] Neb. Ct. R. § 6-1904 (rev. 2016).

[13] § 29-2246(13). See § 29-2246(3).

[14] Neb. Rev. Stat. § 28-105(5) (Cum. Supp. 2022).

[15] § 29-2263(2).

[16] Neb. Rev. Stat. § 29-2204.02(7)(a) (Reissue 2016).

[17] *State v. Dill, supra* note 11 (citing § 6-1904(A)).

because post-release supervision is part of the sentence.[18] Under this rule, "the court shall, at the time a sentence is pronounced, impose a term of incarceration and a term of post-release supervision . . . , and shall enter a separate post-release supervision order that includes conditions pursuant to . . . § 29-2262."[19] Thus, the imposition of conditions is not deferred to a later time.[20]

Nothing in the parties' briefing suggests that the district court failed to meet these requirements when explaining Applehans' post-release supervision. In its pronouncement, the court advised Applehans on the record regarding the time she would serve on her term of post-release supervision. The same day, it entered a post-release supervision order that includes conditions pursuant to § 29-2262.

Importantly, Applehans does not assign error to the specific conditions imposed.

Applehans instead focuses on the order's acknowledgment of receipt and the blank signature line that follows it. We read her argument to suggest that the unsigned order is proof that she was not advised of the conditions of her post-release supervision.

[8] Upon our review, the record refutes Applehans' argument. The order was accompanied by a certificate of service by a clerk of the district court, stating that it was promptly emailed to Applehans' trial counsel. We have long held that in the absence of evidence to the contrary, it may be presumed that public officers faithfully performed their official duties, and absent evidence showing misconduct or disregard

---

[18] *State v. Dill, supra* note 11 (citing *State v. Phillips*, 297 Neb. 469, 900 N.W.2d 522 (2017)).

[19] § 6-1904(A).

[20] *State v. Dill, supra* note 11. See, also, *State v. Sullivan*, 313 Neb. 293, 983 N.W.2d 541 (2023) (sentence validly imposed takes effect from time it is pronounced, and any subsequent sentence fixing different term is nullity).

of the law, the regularity of official acts is presumed.[21] There is no evidence suggesting that the order was not transmitted in the manner specified. Moreover, there is no evidence that Applehans' trial counsel failed to explain the order to Applehans or to provide Applehans with a copy of it.[22]

[9] In reality, here, Applehans is asserting a mere technical right that does not amount to plain error. Therefore, we cannot conclude that the district court committed plain error. Plain error may be found on appeal when an error unasserted or uncomplained of at trial, but plainly evident from the record, prejudicially affects a litigant's substantial right and, if uncorrected, would result in damage to the integrity, reputation, and fairness of the judicial process.[23] We have previously stated that a substantial right is an essential legal right, not merely a technical right.[24] Because any alleged error did not prejudicially affect Applehans' substantial rights, we see no reason to remand the cause for further proceedings on this issue.

That said, we discourage the practice of not pronouncing the conditions of post-release supervision at the time of sentencing without an appropriate substitute. We have long said that when a sentence orally pronounced at a sentencing hearing differs from a later written sentence, the former prevails.[25] But Applehans does not rely on that proposition, and in any event, it does not rise to the level of plain error.

---

[21] *State v. Jones*, 307 Neb. 809, 950 N.W.2d 625 (2020).

[22] See Neb. Ct. R. of Prof. Cond. § 3-501.4 (client communications).

[23] *State v. Roth, supra* note 3.

[24] *State v. Thalmann*, 302 Neb. 110, 921 N.W.2d 816 (2019). See, also, Neb. Rev. Stat. § 29-2308(1) (Reissue 2016) ("[n]o judgment shall be set aside, new trial granted, or judgment rendered in any criminal case . . . for error as to any matter of pleading or procedure if the appellate court, after an examination of the entire cause, considers that no substantial miscarriage of justice has actually occurred").

[25] *State v. Olbricht*, 294 Neb. 974, 885 N.W.2d 699 (2016).

Finally, we clarify that a word-for-word pronouncement of the specific conditions imposed may not be necessary. For example, a sentencing court could orally adopt a document listing potential supervision conditions, so long as the defendant has an opportunity to review the document with counsel and lodge any objection prior to imposition of the sentence.[26] We recognize that "standard" conditions of post-release supervision may regularly appear in a presentence report provided to a defendant prior to pronouncement of sentence. Here, of course, there was no presentence report because Applehans waived it.

## Excessive Sentences

Applehans next assigns that the district court imposed excessive sentences. Her primary contention is that the court "could not have considered all required factors" when it did not receive any evidence at sentencing.[27] This assignment lacks merit.

Applehans' sentences were within the statutory limits.[28] There is no evidence that the court failed to consider the well-established factors and applicable legal principles in its sentencing decision. We have repeated them so often as not to require citation.

The record shows that Applehans waived a presentence investigation and that she declined to present any evidence. We see no error in that procedure, and even if there were, she invited it by waiving the presentence report. A party cannot complain of error which he or she has invited the court to commit.[29] As a result of her waiver, the court had limited

---

[26] See, e.g., *U.S. v. Garcia*, 983 F.3d 820 (5th Cir. 2020) (based upon different statutes and procedural rules).

[27] Brief for appellant at 15.

[28] See, § 28-105 (penalty provisions for felonies); Neb. Rev. Stat. § 28-106 (Reissue 2016) (penalty provisions for misdemeanors).

[29] *State v. Dixon*, 286 Neb. 157, 835 N.W.2d 643 (2013).

evidence to consider, due to Applehans' decision. But she fails to show how the court abused its discretion.

Applehans further argues that she was not advised on the record of the requirements that would be imposed for post-release supervision and that it is not clear from the record whether she was given a copy of the post-release supervision order. This argument is essentially the same as her first assignment of error, which we have already rejected. Seeing no merit in Applehans' arguments, we conclude that the district court did not impose excessive sentences.

## BOND

Finally, Applehans assigns that the district court failed to consider all required factors in setting and reviewing her bond. More specifically, she argues that the court did not consider her financial status before denying a requested modification.[30]

We agree with the State that this assignment is moot. We have previously explained that once an offender has been sentenced to a term of incarceration, we could not remedy any error with respect to the bond set by the district court.[31] Because Applehans was already sentenced, we could not provide any meaningful relief on this issue.

## CONCLUSION

On the facts of this case, we conclude that there was no prejudicial error regarding Applehans' purported failure to be advised of the conditions of her post-release supervision. The record refutes Applehans' argument that she did not receive

---

[30] See Neb. Rev. Stat. § 29-901(3) (Cum. Supp. 2022).

[31] *State v. Thomas, supra* note 8. See, also, *Chaney v. Evnen*, 307 Neb. 512, 518, 949 N.W.2d 761, 767 (2020) ("[t]he central question in a mootness analysis is whether changes in circumstances have forestalled any occasion for meaningful relief"); *State v. Harig*, 192 Neb. 49, 218 N.W.2d 884 (1974) (issue of excessiveness of pretrial bail is not reviewable after conviction and sentence).

a copy of the district court's order. We further conclude that the court did not impose excessive sentences and that Applehans' bond assignment of error is moot. Because Applehans failed to specifically allege deficient performance by her counsel, we do not address her final assignment of error regarding ineffective assistance of trial counsel. We affirm the district court's judgment.

Affirmed.