IN THE NEBRASKA COURT OF APPEALS

## MEMORANDUM OPINION AND JUDGMENT ON APPEAL
(Memorandum Web Opinion)

STATE V. WALTMAN

NOTICE: THIS OPINION IS NOT DESIGNATED FOR PERMANENT PUBLICATION AND MAY NOT BE CITED EXCEPT AS PROVIDED BY NEB. CT. R. APP. P. § 2-102(E).

STATE OF NEBRASKA, APPELLEE,

V.

GLENN E. WALTMAN, APPELLANT.

Filed December 12, 2023.    No. A-23-277.

Appeal from the District Court for Lancaster County: RYAN S. POST, Judge. Affirmed.

Trevin H. Preble, of Preble Law Firm, P.C., L.L.O., for appellant.

Michael T. Hilgers, Attorney General, Erin E. Tangeman, and Emily Doll, Senior Certified Law Student, for appellee.

PIRTLE, Chief Judge, and MOORE and RIEDMANN, Judges.

MOORE, Judge.

### INTRODUCTION

Glenn E. Waltman appeals from his plea-based conviction in the District Court for Lancaster County of attempted possession of methamphetamine with intent to deliver, for which he was sentenced to a term of imprisonment of 12 to 18 years. Waltman claims on appeal that the district court abused its discretion in the imposition of an excessive sentence and that he was denied the effective assistance of trial counsel. We affirm.

### STATEMENT OF FACTS

On December 21, 2022, an information was filed against Waltman charging him with possession of methamphetamine with intent to deliver, 140 grams or more, a Class IB felony in violation of Neb. Rev. Stat. § 28-416(10)(a) (Cum. Supp. 2022); and possession of money to be used violating Neb. Rev. Stat. § 28-416(1) (Cum. Supp. 2022), a Class IV felony. Pursuant to a

- 1 -

plea agreement, an amended information was filed charging Waltman with attempted possession of methamphetamine with intent to deliver, a Class IIA felony in violation of Neb. Rev. Stat. §§ 28-201(4)(b) and 28-416(1)(2)(a) (Cum. Supp. 2022).

A plea hearing was held on January 24, 2023, at which Waltman pled no contest to the amended information. The factual basis recited at the hearing shows that Waltman was detained for a routine traffic stop on February 16, 2017. During the traffic stop, law enforcement discovered $18,000 in currency and 1 pound of methamphetamine in the rear cargo area of the vehicle. After receiving a *Miranda* warning, Waltman agreed to speak to law enforcement and admitted to delivering several pounds of methamphetamine and marijuana in Missouri and that the money found in his vehicle was proceeds from the sale of the drugs. Testing showed that there was least 410 grams of actual methamphetamine.

Following the recitation of his various rights, Waltman indicated that he had the opportunity to "extensively" talk with his lawyer about his rights and that he was waiving his rights. Waltman agreed that he had told his lawyer everything he knew about the case and that he wasn't aware of anything that could help his case that he had not discussed with his lawyer. Waltman stated that he was "absolutely" satisfied with the job his lawyer had done and "very much so" believed his lawyer is competent and knows what he is doing. The district court found beyond a reasonable doubt that Waltman understood his rights and freely and voluntarily waived them; that he was acting voluntarily; that he fully understood the charge set forth in the amended information and the consequences of his plea; that his plea was being made freely, voluntarily, knowingly, and intelligently; and that there was a sufficient factual basis for the court to accept the plea. The court accepted the plea and found Waltman guilty, beyond a reasonable doubt, of the charge.

A sentencing hearing was initially held on February 23, 2023. A discussion occurred between the district court and counsel regarding the federal sentence Waltman was serving in California for a drug offense. The discussion referred to a cooperation agreement between Waltman and the federal government that nevertheless ended with Waltman being indicted. Both Waltman's counsel and the State questioned why the federal prosecutor did not include the methamphetamine seized in this case as part of the federal case as would apparently normally be the situation. According to Waltman's counsel, Waltman was serving a 98-month sentence in federal prison and had approximately 2 more years to serve. Waltman's counsel expressed a desire that the sentence for the instant offense be served concurrently with the federal sentence, as following Waltman's release from federal prison, he would be able to enter a halfway house. The State commented that it filed the charges because the federal government did not include the methamphetamine seized in Lancaster County in its indictment, and it entered into the plea agreement partially because Waltman had been involved in a cooperation agreement with the federal government. Because the district court wanted to have more information on the connection between the federal indictment and the current charge, it continued the sentencing hearing and asked that the presentence investigation report (PSR) be updated to include this information.

The sentencing hearing resumed on March 14, 2023. The district court noted that the additional information received from the probation officer indicated that there was no connection between the charges in California and the methamphetamine seized in Nebraska, although there apparently was discussion between the authorities in each state which may have tied in to the

cooperation agreement. The court noted that it had received letters from Waltman and his attorney, and information from the Federal Bureau of Prisons, which would be included in the PSR. Waltman's counsel acknowledged that Waltman did not successfully complete the cooperation agreement, which resulted in charges being filed against him in California. Waltman's counsel again renewed his request for a concurrent sentence while the State argued that a consecutive sentence was appropriate given the large amount of methamphetamine involved in this case. During allocution, Waltman discussed the terms of his cooperation agreement with the "DEA," and he acknowledged that the agreement ended before he completed the assignments required of him.

Before pronouncing sentence, the district court stated that it considered the factual scenario relating to "everything in California," along with Waltman's age, his background, his assessment of having a high risk to reoffend, and the substantial amount of methamphetamine that Waltman was moving through Nebraska. The court sentenced Waltman to 12 to 18 years' imprisonment, to be served consecutive to any other sentence previously imposed.

## ASSIGNMENTS OF ERROR

Waltman assigns that the district court abused its discretion by imposing an excessive sentence and by running that sentence consecutive to any other sentence he was serving. Waltman also assigns that his trial counsel was deficient by failing to investigate the cooperation agreement he made with the government, and by failing to advise him of the potential trial defense of presenting evidence of a cooperation agreement in order to get the case dismissed.

## STANDARD OF REVIEW

An appellate court will not disturb a sentence imposed within the statutory limits absent an abuse of discretion by the trial court. *State v. Lierman*, 305 Neb. 289, 940 N.W.2d 529 (2020).

Whether a claim of ineffective assistance of counsel may be determined on direct appeal is a question of law. *State v. Dap*, 315 Neb. 466, ___ N.W.2d ___ (2023). In reviewing claims of ineffective assistance of counsel on direct appeal, an appellate court decides only whether the undisputed facts contained within the record are sufficient to conclusively determine whether counsel did or did not provide effective assistance and whether the defendant was or was not prejudiced by counsel's alleged deficient performance. *Id*.

## ANALYSIS

*Excessive Sentence.*

Waltman first assigns that the district court imposed an excessive sentence. He argues that the court abused its discretion by overemphasizing the nature of the offenses while ignoring the possibility of rehabilitation. Waltman claims that the district court failed to give adequate weight to the fact that he cooperated with authorities. He maintains that the sentence should have been run concurrently to his federal sentence.

Waltman's sentence was within the statutory limits. See, Neb. Rev. Stat. § 28-105 (Cum. Supp. 2022) (penalty provisions for felonies). There is no evidence that the district court failed to consider the well-established factors and applicable legal principles in its sentencing decision. As noted by the Nebraska Supreme Court, these factors and principles have been repeated so often as

to not require citation. See *State v. Applehans*, 314 Neb. 653, 992 N.W.2d 464 (2023). We find no abuse of discretion in the sentence imposed or in running the sentence consecutive to his previous sentence.

*Ineffective Assistance of Counsel Framework.*

Through different counsel, Waltman contends that his trial counsel provided ineffective assistance in two ways. When a defendant's trial counsel is different from his or her counsel on direct appeal, the defendant must raise on direct appeal any issue of trial counsel's ineffective performance which is known to the defendant or is apparent from the record; otherwise, the issue will be procedurally barred in a subsequent postconviction proceeding. *State v. Thomas*, 311 Neb. 989, 977 N.W.2d 258 (2022).

An ineffective assistance of counsel claim is raised on direct appeal when the claim alleges deficient performance with enough particularity for (1) an appellate court to make a determination of whether the claim can be decided upon the trial record and (2) a district court later reviewing a petition for postconviction relief to recognize whether the claim was brought before the appellate court. *State v. Miranda*, 313 Neb. 358, 984 N.W.2d 261 (2023). When a claim of ineffective assistance of counsel is raised in a direct appeal, the appellant is not required to allege prejudice; however, an appellant must make specific allegations of the conduct that he or she claims constitutes deficient performance by trial counsel. *Id*.

Once raised, an appellate court will determine whether the record on appeal is sufficient to review the merits of the ineffective performance claims. The record is sufficient if it establishes either than trial counsel's performance was not deficient, that the appellant will not be able to establish prejudice as a matter of law, or that trial counsel's actions could not be justified as a part of any plausible trial strategy. *Id*.

To prevail on a claim of ineffective assistance of counsel under *Strickland v. Washington*, 466 U.S. 668, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984), the defendant must show that counsel's performance was deficient and that this deficient performance actually prejudiced the defendant's defense. *State v. Miranda, supra*. To show that counsel's performance was deficient, the defendant must show that counsel's performance did not equal that of a lawyer with ordinary training and skill in criminal law. *Id*. To show prejudice from counsel's deficient performance, the defendant must demonstrate a reasonable probability that but for counsel's deficient performance, the result of the proceeding would have been different. *Id*. When a conviction is based upon a guilty or no contest plea, the prejudice requirement for an ineffective assistance of counsel claim is satisfied if the defendant shows a reasonable probability that but for the errors of counsel, the defendant would have insisted on going to trial rather than pleading guilty. *State v. Blaha*, 303 Neb. 415, 929 N.W.2d 494 (2019).

With these standards and general principles in place, we turn to the deficiencies alleged by Waltman.

*Failure to Investigate Terms of Cooperation Agreement.*

Waltman argues that his trial counsel failed to investigate the specific terms of the cooperation agreement. He argues that "any criminal defense lawyer with ordinary training and skill would recognize the importance of making a record prior to trial of such a cooperation

agreement." Brief for appellant at 9. Waltman further asserts that such deficient performance clearly prejudiced him because his ultimate decision to enter a plea was based, in part, on trial counsel's failure to fully prepare the case for trial. Waltman claims that he was under the impression that the fact that there was a cooperation agreement was being taken into account and would not make any difference in the outcome of this case.

The record before us, although not entirely complete regarding the terms of the cooperation agreement, is sufficient to address Waltman's claim. It is clear that Waltman's trial counsel was aware of the cooperation agreement and that it was not fully completed by Waltman, thus resulting in the federal indictment. Waltman confirmed this before the district court. The State indicated that it filed the instant case because the methamphetamine seized in Nebraska was not included in the federal indictment. Thus, Waltman cannot show that his trial counsel was ineffective in not investigating the cooperation agreement further and Waltman cannot show that he was prejudiced by any failure to further investigate the agreement.

*Failure to Advise of Potential Defenses.*

Waltman next alleges that trial counsel failed to advise him of a potential trial defense. Specifically, Waltman asserts that counsel failed to advise him of the complexities of cooperation agreements, and led him to believe the evidence against him was airtight with no possible defense. Waltman claims that evidence about the cooperation agreement could have been presented as a defense. He asserts that had trial counsel adequately advised him of this possibility, he would not have agreed to enter a plea.

The factual basis and PSR show that during a traffic stop, Waltman was found to be transporting a pound of methamphetamine and was found with $18,000 in cash. He admitted to having delivered several pounds of methamphetamine and marijuana in Missouri and that the cash in his vehicle was proceeds from the drug sales. Trial counsel's advice that the evidence against him was strong does not indicate deficient performance. Additionally, the record from the plea hearing confirms that Waltman had thoroughly discussed the case with his trial counsel and was "absolutely" satisfied with counsel's work. Further, Waltman admitted that the cooperation agreement was not completed; thus, it would not provide a defense to the Nebraska charge. See *State v. Wacker*, 268 Neb. 787, 688 N.W.2d 357 (2004) (condition of enforcing cooperation agreement is performance by defendant). Finally, the State indicated that it considered the cooperation agreement when reaching the plea agreement, which reduced Waltman's charge from a Class IB felony to a Class IIA felony. As noted by the State, it is highly unlikely that Waltman would have insisted on going to trial under the circumstances of this case. Waltman cannot show that he was prejudiced by trial counsel's alleged failure to raise a defense to the charge surrounding the cooperation agreement.

CONCLUSION

The district court did not abuse its discretion in the sentence imposed. Waltman's claims that his trial counsel was ineffective are refuted by the record. Waltman's conviction and sentence are affirmed.

AFFIRMED.