IN THE NEBRASKA COURT OF APPEALS

**MEMORANDUM OPINION AND JUDGMENT ON APPEAL**
**(Memorandum Web Opinion)**

STATE V. PILCHER

NOTICE: THIS OPINION IS NOT DESIGNATED FOR PERMANENT PUBLICATION
AND MAY NOT BE CITED EXCEPT AS PROVIDED BY NEB. CT. R. APP. P. § 2-102(E).

STATE OF NEBRASKA, APPELLEE,

V.

ERICA D. PILCHER, APPELLANT.

Filed March 19, 2024.    No. A-23-928.

Appeal from the District Court for Lancaster County: ANDREW R. JACOBSEN, Judge. Affirmed.

Christopher Eickholt, of Eickholt Law, L.L.C., for appellant.

Michael T. Hilgers, Attorney General, and Nathan A. Liss for appellee.

PIRTLE, Chief Judge, and MOORE and BISHOP, Judges.

MOORE, Judge.

## INTRODUCTION

Erica D. Pilcher appeals from her plea-based conviction in the district court for Lancaster County of driving under the influence (DUI) causing serious bodily injury. Pilcher asserts that the district court abused its discretion in imposing an excessive sentence and that she received ineffective assistance of counsel. We affirm.

## STATEMENT OF FACTS

On October 3, 2022, Pilcher was charged by complaint in the Lancaster County Court with one count of leaving the scene of an accident involving serious bodily injury, a Class III felony, in violation of Neb. Rev. Stat. § 60-697 (Cum. Supp. 2018), and one count of DUI causing serious bodily injury, a Class IIIA felony, in violation of Neb. Rev. Stat. § 60-6,198 (Reissue 2021). At a hearing held that same day, the county court set Pilcher's bond at 10 percent of $250,000.

- 1 -

On October 14, 2022, Pilcher's trial counsel filed a motion for bond review, which was taken up and denied by the county court during a hearing on October 17. Pilcher's trial counsel filed a second motion for bond review on November 8, which was taken up and denied by the county court during a hearing on November 10.

On February 1, 2023, Pilcher's trial counsel filed a third motion for bond review. At a hearing on February 2, the county court granted the motion for bond review and found that Pilcher's bond should be reduced to a "$250,000 PR" (personal recognizance) bond with certain conditions, including that Pilcher comply with a pretrial release program, not violate any Nebraska laws, and attend and successfully complete residential treatment at St. Monica's. Pilcher was also ordered not to possess or consume any alcohol or drugs, not to operate motor vehicles, not to patronize any establishments whose primary source of income is the sale of alcohol, and to be fitted with an alcohol monitoring device. At a March 21 hearing, the county court imposed additional conditions on Pilcher's amended bond, including Pilcher's participation in remote breath testing and intensive outpatient treatment at Lutheran Family Services.

In an order filed on March 22, 2023, the county court found that Pilcher had violated the terms and conditions of her bond and as such her amended bond had been forfeited. Pilcher failed to appear and comply with the county court's order on her bond revocation and a bench warrant was issued on March 24. Pilcher was arrested by the Lincoln Police Department (LPD) on April 10. In a hearing on April 11, the county court restored Pilcher's bond to 10 percent of $250,000.

On April 19, 2023, Pilcher's trial counsel filed a fourth motion for bond review, which was taken up and denied by the county court during a hearing on April 20.

On May 2, 2023, the case was bound over to district court where Pilcher was charged by information with identical counts. An order filed the same day reflects that the county court again heard Pilcher's motion for bond review and denied the motion.

At a hearing on September 20, 2023, the State advised the district court that a plea agreement had been reached, whereby Pilcher would plead to DUI causing serious bodily injury in return for the State's dismissal of the other remaining count. Pilcher's trial counsel confirmed the details of the plea agreement and Pilcher indicated that she wanted to proceed with the agreement.

The district court advised Pilcher of her various rights that she would be waiving by entering a plea. The court asked Pilcher if there were any defenses that she felt she might have, or any facts about the case that she had not yet discussed with her trial counsel. Pilcher asked to speak with her trial counsel and an off-the-record conversation between them occurred. Following the conversation, the hearing resumed, and Pilcher affirmed that her trial counsel discussed with her all possible defenses to the charge Pilcher may have if she proceeded to trial. Pilcher also affirmed that she told her trial counsel all facts about the case which she felt might be helpful to her defense, that she was satisfied with the job trial counsel had done as her attorney, that trial counsel was a competent attorney, that trial counsel had not failed to do anything which Pilcher had instructed him to do, and that Pilcher had had sufficient time to talk with her trial counsel about the case.

Pilcher pled no contest to DUI causing serious bodily injury. Pilcher also asserted that she was entering her plea freely and voluntarily and that her plea was not the result of any threats or promises.

The State provided a factual basis to support Pilcher's plea. On the evening of October 1, 2022, LPD officers were dispatched to the Haymarket area of downtown Lincoln, where it was determined that Pilcher was operating a motor vehicle under the influence of alcohol. Pilcher had struck and hit a pedestrian as she was crossing the road on foot. As a result of being struck, the pedestrian received injuries that included a concussion, a fractured left clavicle, a fractured left knee, as well as fractures in the eighth and ninth right-side ribs. At the time of the plea the pedestrian was still receiving treatment and medication for her injuries.

LPD officers located Pilcher at her residence and conducted a DUI investigation. Pilcher showed impairment on all three standardized field sobriety tests and was unsteady on her feet. Pilcher was placed under arrest and transported for formal tests, which produced a final result of .244 grams of alcohol per 210 liters of her breath.

The district court found that there was a sufficient factual basis to support Pilcher's plea of no contest. The court also found that Pilcher understood the charge and possible penalty, that she understood her trial rights, and that she knowingly, intelligently, and voluntarily waived each of those rights. The court accepted Pilcher's plea and found her guilty.

A sentencing hearing was held on October 27, 2023, and Pilcher's trial counsel made the following argument to the district court:

> There . . . was a lot in the presentence investigation. It was almost 700 pages when you added everything up. So, there was a lot of information about Ms. Pilcher. I think it's important to note what was going on in her life at the time that this offense occurred back on October 1st of last year.

> It is clear that at that time she was suffering a tremendous amount of grief. On July 8th, she had given birth. Unfortunately, her child was deceased at the time, and at that point, she simply spiraled into grief and used alcohol to try to cope with that grief.

> She didn't go out this night looking for, obviously, to get [in] any sort of accident or cause anybody any sort of injury, but this is the result that oftentimes will occur if someone, after having drank enough alcohol to get a blood alcohol content of over .2, these things are going to happen and . . . that's the unfortunate reality.

> She understands that they were her decisions, that after a day of drinking, that she is the one who made the decision to drive the vehicle. She was involved in a minor fender bender accident, panicked, and fled, and that's when this accident then occurred.

> Clearly, her biggest regret from that night would be not stopping and not making sure that [the pedestrian] was provided the care necessary after the accident occurred. She knows that she can't go back in time to . . . change what happened. She wishes she could, but obviously she can't do that.

> She, after being in jail for a number of months, was able to be released to go to treatment at St. Monica's. She was very close to graduating, within days of graduating, from that program. Unfortunately, there was a misunderstanding. She admittedly did not handle that well, and she was terminated from St. Monica's prior to graduation.

> Again, she panicked. She understands that she should have immediately gone to Community Corrections, but unfortunately, she panicked, and was out of custody for a couple of months, essentially, on the run.

Once she was re-arrested and placed back in jail in April, instead of feeling sorry for herself, instead of allowing the spiral to continue, she took the tools that she had learned at St. Monica's, and she applied them to her circumstances.

I have never seen in a PSI a list of programming at the jail this extensive, showing the number of things that she availed herself of at the jail to try to put herself in a better position, really, mentally, so that she would be prepared for getting out of custody, moving on with her life, maintaining employment, reuniting with her children, and becoming the productive member of society that I think we're all going to be able to see from Ms. Pilcher in the coming years.

She successfully completed the WISR Program, Women's Inception to Substance Recovery Program, in addition to WRAP and life skills and parenting and moving on and yoga. I mean . . . the list goes on and on of what she did at the jail, which again, I've never seen such an extensive list of programs that someone has taken advantage of at the jail. That to me shows that she is genuinely interested in changing her life going forward.

She knows that what was going on in her life when this occurred is not anything she wants to return to. It's not anything that will allow her to reunite with her children and to achieve the goals that she has in front of her.

She does already have her culinary arts degree. She wants to return to college and get her bachelor's degree for business. She has a desire to potentially open her own business in the future. She knows that the only way she's going to be able to achieve those things, however, is to continue the progress that she has made at the jail.

I was just given this morning information about the RISE program. It's my understanding that she has had contact with the RISE program, and that that is something that she intends to follow through with upon her release from custody.

I'm not terribly familiar with RISE. I don't know if the Court is. I do have a brochure if the Court would like to look at it, but it appears to be a program intended for someone who has been recently released from custody, and it looks like a fairly all-encompassing program to provide help at all levels of . . . her life, and she knows that that is something that is potentially very helpful and obviously very important for her going forward.

She does have five children. Her oldest resides in Florida with his dad. She then has four children here in Lincoln, and again, she intends to reunite with those children. She will be under the jurisdiction of our juvenile court. There [are] . . . two active Child Protective Services cases.

That order requires her to engage in things such as treatment, maintaining employment, maintaining a safe, stable home environment, and that is her number one goal right now is to accomplish the things that are in that order, so that she is able to get her children and move forward.

She clearly has remorse over what happened. She wishes nothing but the speediest recovery for [the pedestrian].

Again, she wishes that it hadn't happened, but [as] she wrote in the presentence investigation her arrest, she believes . . . was helpful to her because it opened her eyes about her situation and her circumstances and her need for treatment, her need for help.

She has great family support, as indicated in the letters, as well as the information in the presentence investigation. So, with family help, with Community Services' help, she's going to be able to overcome her issues with alcohol and grief, which were clearly intertwined in this case and . . . put herself in the best position going forward.

She's still quite young, she's 25 years of age. She has a lot of life ahead of her. This, unfortunately, has been the most serious experience in her life, from which I think she has learned from this experience, and I believe moving forward with all of the support is going to be able to, again, become a successful member of our society.

Following argument from the State, Pilcher was sentenced to 30 months' imprisonment, 18 months' post-release supervision, and a 5-year revocation of her driver's license. Pilcher was given credit for 308 days served.

Pilcher appeals.

## ASSIGNMENTS OF ERROR

Pilcher assigns, reordered and consolidated, that (1) the district court abused its discretion in imposing an excessive sentence, and (2) she received ineffective assistance of counsel.

## STANDARD OF REVIEW

An appellate court will not disturb a sentence imposed within the statutory limits absent an abuse of discretion by the trial court. *State v. Hines*, 313 Neb. 685, 985 N.W.2d 625 (2023).

Whether a claim of ineffective assistance of trial counsel may be determined on direct appeal is a question of law. *State v. Anderson*, 305 Neb. 978, 943 N.W.2d 690 (2020). In reviewing claims of ineffective assistance of counsel on direct appeal, an appellate court decides only whether the undisputed facts contained within the record are sufficient to conclusively determine whether counsel did or did not provide effective assistance and whether the defendant was or was not prejudiced by counsel's alleged deficient performance. *Id*.

## ANALYSIS

*Excessive Sentence.*

Pilcher assigns that the sentence imposed by the district court was excessive and amounted to an abuse of discretion. She argues that the district court failed to adequately consider mitigating circumstances such as Pilcher's involvement in rehabilitative services and her remorse for the incident. She claims that the sentence was "the maximum and it was beyond that necessary to impose in this case." Brief for appellant at 16.

Pilcher was convicted of one count of DUI causing serious bodily injury, a Class IIIA felony, punishable by a maximum of 3 years' imprisonment and 18 months' post-release supervision, a $10,000 fine, or both. See Neb. Rev. Stat. § 28-105 (Cum Supp. 2022). Additionally, § 60-6,198(1) requires the sentencing court, as part of the judgment of conviction, to order the person not to drive any motor vehicle for any purpose for a period of at least 60 days and not more than 15 years from the date ordered by the court and order that the operator's license of such person be revoked for the same period. Pilcher was sentenced to a term of 30 months' imprisonment, 18

months' post-release supervision, and a 5-year license revocation. Thus, her sentence was within the statutory limits, and further, was not a maximum sentence as she contends.

There is no evidence that the district court failed to consider the well-established factors and applicable legal principles in its sentencing decision. As noted by the Nebraska Supreme Court, these factors and principles have been repeated so often as to not require citation. See *State v. Applehans*, 314 Neb. 653, 992 N.W.2d 464 (2023). Upon our review of the record, we can find no abuse of discretion in the sentences imposed. See *State v. Hines, supra*. This assignment of error fails.

*Ineffective Assistance of Trial Counsel Framework.*

Pilcher argues that her trial counsel was ineffective in several regards, which we have consolidated into three claims. Before addressing each claim, we set forth the general legal framework for ineffective assistance of counsel claims.

To prevail on a claim of ineffective assistance of counsel, the defendant must show that counsel's performance was deficient and that this deficient performance actually prejudiced his or her defense. *State v. Jaeger*, 311 Neb. 69, 970 N.W.2d 751 (2022). To show that counsel's performance was deficient, a defendant must show that counsel's performance did not equal that of a lawyer with ordinary training and skill in criminal law. *State v. Anderson*, 305 Neb. 978, 943 N.W.2d 690 (2020). To show prejudice, the defendant must demonstrate a reasonable probability that but for counsel's deficient performance, the result of the proceeding would have been different. *Id*. A reasonable probability is a probability sufficient to undermine confidence in the outcome. *Id*. When a conviction is based upon a plea of no contest, the prejudice requirement for an ineffective assistance of counsel claim is satisfied if the defendant shows a reasonable probability that but for the errors of counsel, the defendant would have insisted on going to trial rather than pleading no contest. *Id*.

When, as in this case, a defendant's trial counsel is different from his or her counsel on direct appeal, the defendant must raise on direct appeal any issue of trial counsel's ineffective performance which is known to the defendant or is apparent from the record; otherwise, the issue will be procedurally barred in a subsequent postconviction proceeding. *State v. Mrza*, 302 Neb. 931, 926 N.W.2d 79 (2019). Once raised, an appellate court will determine whether the record on appeal is sufficient to review the merits of the ineffective performance claims. *State v. Drake*, 311 Neb. 219, 971 N.W.2d 759 (2022). The record is sufficient if it establishes either that trial counsel's performance was not deficient, that the appellant will not be able to establish prejudice as a matter of law, or that trial counsel's actions could not be justified as a part of any plausible trial strategy. *Id*. Conversely, an ineffective assistance of counsel claim will not be addressed on direct appeal if it requires an evidentiary hearing. *Id*.

An ineffective assistance of counsel claim is raised on direct appeal when the claim alleges deficient performance with enough particularity for (1) an appellate court to make a determination of whether the claim can be decided upon the trial record and (2) a district court reviewing a petition for postconviction relief to recognize whether the claim was brought before the appellate court. *State v. Golyar*, 301 Neb. 488, 919 N.W.2d 133 (2018). Assignments of error on direct appeal regarding ineffective assistance of trial counsel must specifically allege deficient

performance, and an appellate court will not scour the remainder of the brief in search of such specificity. *State v. Blake*, 310 Neb. 769, 969 N.W.2d 399 (2022).

*Failure to Lower Pretrial Bond.*

Pilcher claims that her trial counsel was ineffective for failing to successfully argue for a lower pretrial bond. Though she acknowledges that her trial counsel repeatedly sought a lower pretrial bond and eventually obtained one, she asserts that trial counsel did not do so efficiently, and failed to obtain another lowered pretrial bond after her amended bond was revoked by the county court at the April 11, 2023, hearing. Pilcher argues that she was prejudiced by her pretrial incarceration as she was not able to demonstrate that she was capable of living a law abiding life and was not able to assist with preparing a meaningful defense.

None of the hearings before the county court are included in our bill of exceptions, thus we are unaware of the specific arguments made by trial counsel to the county court regarding his motions for bond review. However, the record is sufficient to address Pilcher's claim as it is clear that trial counsel made four written motions for bond review and the matter was taken up by the county court during five hearings. As Pilcher concedes, her trial counsel was effective in securing a $250,000 personal recognizance bond, which was only revoked by the country court after Pilcher violated the terms and conditions of the amended bond. Trial counsel made an additional motion for bond review after the county court restored Pilcher's original pretrial bond. Pilcher has not shown deficient performance by her trial counsel and this claim fails.

*Failure to Meaningfully Communicate.*

Pilcher also claims that her trial counsel was ineffective for not meaningfully communicating with her during this case and that her trial counsel was unfamiliar and uninterested in her case. She asserts that she regularly attempted to contact trial counsel to discuss the case but was generally able to do so only immediately before court appearances, which were superficial and hurried communications. She argues that she was prejudiced by trial counsel's alleged failure to communicate as it led to her having a poor perception and understanding of the case. She also argues that trial counsel's indifference manifested itself in an unfavorable plea agreement and sentencing argument.

Pilcher does not allege with specificity or demonstrate a reasonable probability that if trial counsel had communicated with more frequency and zeal, the result of the proceeding would have been different. See *State v. Anderson*, 305 Neb. 978, 943 N.W.2d 690 (2020). Moreover, Pilcher affirmatively indicated in her plea colloquy that she had fully discussed the case with her trial counsel, was satisfied with his handling of the case, and desired to proceed with the plea agreement. See *State v. Vanness*, 300 Neb. 159, 912 N.W.2d 736 (2018) (finding ineffective assistance of counsel claim refuted by defendant's statements to court during plea colloquy). Because the record refutes that trial counsel did not meaningfully communicate with Pilcher, this claim fails.

*Failure to Argue at Sentencing.*

Finally, Pilcher claims that trial counsel was ineffective for failing to present a sufficient argument at the sentencing hearing. She argues that he failed to effectively argue mitigating

factors, including that she was compliant with a pretrial release program as well as services ordered in a juvenile court action, and had participated in rehabilitative programs at the Lancaster County Jail. She also argues that trial counsel failed to effectively argue against aggravating factors presented by the State, including the claim that Pilcher left a treatment program at St. Monica's. She contends that trial counsel was ineffective in failing to convince the district court to impose a lesser sentence.

Pilcher concedes that "[a]dmittedly, trial counsel referred to many, if not all, of [the mitigating] factors at the sentencing hearing." Brief for appellant at 13. As detailed above, Pilcher's trial counsel made several references to mitigating circumstances during his lengthy argument at the sentencing hearing. Trial counsel stated that Pilcher had availed herself of numerous rehabilitative programs in jail including a substance recovery program, life skills and mindfulness programming, and parenting classes. Trial counsel noted that Pilcher's involvement in two juvenile cases would further motivate her to rehabilitate herself and that Pilcher had been days away from graduating from a treatment program at St. Monica's. Trial counsel also argued that Pilcher's age, remorse for the incident, state of grief after giving birth to a stillborn child, familial and communal support, and plan to further her career were all mitigating factors which the district court should consider.

Though Pilcher argues trial counsel should have countered arguments made by the prosecutor at sentencing, it was the district court who stated that Pilcher was discharged from St. Monica's for "threatening staff and peers, and she gave a code to persons not associated with St. Monica's." A discharge document from St. Monica's included in Pilcher's presentence investigation report reflects that this was an accurate statement by the district court. As a matter of law, counsel cannot be ineffective for failing to raise a meritless argument. *State v. Collins*, 299 Neb. 160, 907 N.W.2d 721 (2018).

As we found above, the sentence imposed by the district court was within the statutory limits and was not an abuse of discretion. Additionally, the trial counsel presented a thorough argument to the district court at sentencing and Pilcher's claim to the contrary is refuted by the record. This claim fails.

CONCLUSION

The district court did not abuse its discretion in the sentence imposed. Pilcher's claims that her trial counsel was ineffective are refuted by the record. Pilcher's conviction and sentence are affirmed.

AFFIRMED.