IN THE NEBRASKA COURT OF APPEALS

**MEMORANDUM OPINION AND JUDGMENT ON APPEAL**
**(Memorandum Web Opinion)**

STATE V. KAFKA

NOTICE: THIS OPINION IS NOT DESIGNATED FOR PERMANENT PUBLICATION
AND MAY NOT BE CITED EXCEPT AS PROVIDED BY NEB. CT. R. APP. P. § 2-102(E).

STATE OF NEBRASKA, APPELLEE,

V.

SIMON A. KAFKA, APPELLANT.

Filed July 8, 2025.    No. A-24-970.

Appeal from the District Court for Lancaster County: DARLA S. IDEUS, Judge. Affirmed.

Trevin H. Preble and Coehn W. Preble, of Preble Law Firm, P.C., L.L.O., for appellant.

Michael T. Hilgers, Attorney General, and Jacob M. Waggoner for appellee.

PIRTLE, BISHOP, and WELCH, Judges.

PIRTLE, Judge.

## INTRODUCTION

Simon A. Kafka appeals his convictions and sentences in the district court for Lancaster County following guilty pleas to one count of assault on an officer in the second degree and one count of use of a deadly weapon to commit a felony. He alleges his sentences are excessive and his trial counsel was ineffective. Based on the reasons that follow, we affirm.

## BACKGROUND

Kafka was charged with four counts: (1) attempted murder in the second degree, a Class II felony; (2) assault on an officer in the second degree, a Class II felony; (3) resisting arrest using a deadly weapon, a Class IIIA felony; and (4) use of a deadly weapon to commit a felony, a Class II felony.

Pursuant to a plea agreement, Kafka entered guilty pleas to counts 2 and 4, and the State asked the court to dismiss counts 1 and 3. The State provided the following factual basis:

- 1 -

On October 17, 2023, around 12:15 a.m., Lincoln Police dispatch sent officers to the Arrow Stage bus terminal in Lincoln, Nebraska. There was a report that a white male had gotten onto the bus to Denver without a ticket and refused to leave.

Officer Kirby Urbanek was the first on the scene followed by Officer Katherine Schwenke. After speaking with the bus driver and learning that the individual was seated in the back of the bus, the officers walked to the back of the bus intending to remove the individual.

Urbanek contacted Kafka and asked to see his ticket. After a short delay, Kafka got out of his seat and attacked Urbanek, which he initially described as a punch to the throat. Urbanek then determined that Kafka had a pocketknife in his hand. Kafka had stabbed Urbanek in the left front throat area causing a puncture wound to his neck and throat. Kafka continued to fight with Urbanek as Urbanek tried to wrestle the knife away from Kafka's hand. During the struggle Urbanek could feel Kafka trying to grab his holstered sidearm with his other hand and, despite the commands to stop fighting and drop the knife, Kafka continued to fight. Ultimately, Schwenke shot Kafka and he was taken into custody. These events occurred in Lancaster County, Nebraska.

The district court found there was a sufficient factual basis to support the charges and accepted Kafka's guilty plea to counts 2 and 4. The court dismissed counts 1 and 3.

A sentencing hearing followed. The district court sentenced Kafka to 20 to 30 years' incarceration for assault on an officer in the second degree, and 10 to 15 years' imprisonment for use of a deadly weapon to commit a felony, with the sentences to run consecutive to each other.

## ASSIGNMENTS OF ERROR

Kafka assigns that the district court erred by imposing excessive sentences. He also assigns that he was denied effective assistance of counsel when trial counsel failed to offer into evidence and include in the presentence investigation (PSI) photographs of Urbanek's injury.

## STANDARD OF REVIEW

An appellate court will not disturb a sentence imposed within the statutory limits absent an abuse of discretion by the trial court. *State v. Applehans*, 314 Neb. 653, 992 N.W.2d 464 (2023). An abuse of discretion occurs when a trial court's decision is based upon reasons that are untenable or unreasonable or if its action is clearly against justice or conscience, reason, and evidence. *Id.* Where a sentence imposed within the statutory limits is alleged on appeal to be excessive, the appellate court must determine whether a sentencing court abused its discretion in considering and applying the relevant factors as well as any applicable legal principles in determining the sentence to be imposed. *Id.*

Whether a claim of ineffective assistance of counsel can be determined on direct appeal presents a question of law, which turns upon the sufficiency of the record to address the claim without an evidentiary hearing or whether the claim rests solely on the interpretation of a statute or constitutional requirement. *State v. Briggs*, 317 Neb. 296, 9 N.W.3d 632 (2024). In reviewing a claim of ineffective assistance of counsel on direct appeal, an appellate court determines as a matter of law whether the record conclusively shows that (1) a defense counsel's performance was deficient or (2) a defendant was or was not prejudiced by a defense counsel's alleged deficient performance. *Id.*

ANALYSIS

*Excessive Sentences.*

Kafka first assigns that his sentences are excessive. He contends that the district court abused its discretion when it failed to adequately consider his life circumstances, his mental health diagnosis, his lack of criminal history, and failed to give proper weight to his willingness to enter a guilty plea.

Assault on an officer in the second degree and use of a deadly weapon to commit a felony are both Class II felonies, punishable by 1 to 50 years' imprisonment. See, Neb. Rev. Stat. § 28-930 (Cum. Supp. 2024); Neb. Rev. Stat. § 28-1205(1)(b) (Cum. Supp. 2024); Neb. Rev. Stat. § 28-105 (Cum. Supp. 2024). As such, Kafka's sentences of 20 to 30 years' imprisonment and 10 to 15 years' imprisonment are within statutory limits.

Where a sentence imposed within the statutory limits is alleged on appeal to be excessive, the appellate court must determine whether a sentencing court abused its discretion in considering and applying the relevant factors as well as any applicable legal principles in determining the sentence to be imposed. *State v. King*, 316 Neb. 991, 7 N.W.3d 884 (2024). In determining a sentence to be imposed, relevant factors customarily considered and applied are the defendant's (1) age, (2) mentality, (3) education and experience, (4) social and cultural background, (5) past criminal record or record of law-abiding conduct, and (6) motivation for the offense, as well as (7) the nature of the offense and (8) the amount of violence involved in the commission of the crime. *Id.* The appropriateness of a sentence is necessarily a subjective judgment and includes the sentencing judge's observation of the defendant's demeanor and attitude and all the facts and circumstances surrounding the defendant's life. *Id.*

At the sentencing hearing, the district court stated that it had reviewed and considered all the information in the PSI. It also stated that it had considered the factors it was required by law to consider when deciding appropriate sentences. The court specifically discussed Kafka's mental health diagnosis and his criminal history.

The comments made by the district court at sentencing indicate that it considered the appropriate factors. There is nothing in the record to suggest that it considered any irrelevant or inappropriate factors. Accordingly, we find no abuse of discretion in the district court's sentences. Kafka's first assignment of error is without merit.

*Ineffective Assistance of Counsel.*

Kafka next assigns that his right to effective assistance of counsel was violated when trial counsel failed to offer into evidence and include in the PSI photographs of Urbanek's injury.

When a defendant's trial counsel is different from his or her counsel on direct appeal, as is the case here, the defendant must raise on direct appeal any issue of trial counsel's ineffective performance which is known to the defendant or is apparent from the record; otherwise, the issue will be procedurally barred in a subsequent postconviction proceeding. See *State v. German*, 316 Neb. 841, 7 N.W.3d 206 (2024).

Whether a claim of ineffective assistance of counsel can be determined on direct appeal presents a question of law, which turns upon the sufficiency of the record to address the claim

without an evidentiary hearing or whether the claim rests solely on the interpretation of a statute or constitutional requirement. *Id.*

An ineffective assistance of counsel claim is raised on direct appeal when the claim alleges deficient performance with enough particularity for (1) an appellate court to make a determination of whether the claim can be decided upon the trial record and (2) a district court later reviewing a petition for postconviction relief to recognize whether the claim was brought before the appellate court. *Id.* When a claim of ineffective assistance of counsel is raised in a direct appeal, the appellant is not required to allege prejudice; however, an appellant must make specific allegations of the conduct that he or she claims constitutes deficient performance by trial counsel. *Id.*

Once raised, an appellate court will determine whether the record on appeal is sufficient to review the merits of the ineffective performance claims. The record is sufficient if it establishes either that trial counsel's performance was not deficient, that the appellant will not be able to establish prejudice as a matter of law, or that trial counsel's actions could not be justified as a part of any plausible trial strategy. *Id.*

Kafka contends there were seven photographs of Urbanek's injury provided to Kafka's trial counsel that clearly showed the injury was "superficial in nature," and was "nothing more than a small scratch." Brief for appellant at 16. He argues that including the photographs in the PSI would have allowed the district court to see how minor Urbanek's injury was and would have materially affected the outcome at sentencing.

We conclude the record is sufficient to review Kafka's ineffective assistance of counsel claim and that his claim fails for two reasons. First, his claim is refuted by the record. At the sentencing hearing, Kafka indicated he had discussed the contents of his PSI with his trial counsel and he was not aware of any corrections, additions, or changes. Kafka claims he did not know the pictures were not included in the PSI because he did not see the PSI prior to the sentencing hearing. However, Kafka does not claim that he ever asked his counsel to see the PSI, and again, he agreed that he had discussed its contents with counsel.

Second, Kafka cannot establish that he was prejudiced by counsel's failure to include the photographs in the PSI. There was no indication at the sentencing hearing that the district court believed Urbanek's injury was a "horrendous neck wound," as Kafka contends, or that the extent of the injury weighed into the court's sentence determination. Rather, the district court noted "[we are] fortunate that nobody was killed that evening or seriously physically injured." Accordingly, the district court knew without seeing the photographs that Urbanek's injury was not serious or life threatening. As stated above, Kafka's ineffective assistance of counsel claim fails.

## CONCLUSION

We conclude that Kafka's sentences for assault on an officer in the second degree and use of a deadly weapon to commit a felony were not excessive and not an abuse of discretion. We also determine that his ineffective assistance of counsel claim fails because the record refutes his claim and he cannot establish prejudice.

AFFIRMED.