IN THE NEBRASKA COURT OF APPEALS

**MEMORANDUM OPINION AND JUDGMENT ON APPEAL**
**(Memorandum Web Opinion)**

STATE V. REISER

NOTICE: THIS OPINION IS NOT DESIGNATED FOR PERMANENT PUBLICATION
AND MAY NOT BE CITED EXCEPT AS PROVIDED BY NEB. CT. R. APP. P. § 2-102(E).

STATE OF NEBRASKA, APPELLEE,

V.

TYLER R. REISER, APPELLANT.

Filed October 14, 2025.    No. A-25-326.

Appeal from the District Court for Douglas County: LEIGH ANN RETELSDORF, Judge. Affirmed as modified.

Thomas C. Riley, Douglas County Public Defender, and Nicholas J. Yost for appellant.

Michael T. Hilgers, Attorney General, and Teryn Blessin, and Danielle Jewell, Senior Certified Law Student, for appellee.

PIRTLE, BISHOP, and FREEMAN, Judges.

PIRTLE, Judge.

## INTRODUCTION

Tyler R. Reiser appeals his sentences in the district court for Douglas County following a no contest plea to one count of child abuse and one count of tampering with a juror, witness, or other informant. Reiser's sole assignment of error on appeal is that the sentences imposed are excessive. We affirm the terms of imprisonment imposed, but find plain error in the term of post-release supervision as to one of the counts and modify Reiser's sentence as explained below.

## STATEMENT OF FACTS

Reiser was charged with three counts: (1) child abuse, a Class IIIA felony; (2) use of a deadly weapon to commit a felony, a Class II felony; and (3) tampering with a juror, witness, or other informant, a Class IV felony. Pursuant to a plea agreement, Reiser entered a no contest plea

to counts 1 and 3, and the State asked the court to dismiss count 2. The State provided the following factual basis:

On November 17, 2024, the victim, L.R., was 15 years old when she reported she was at her home with Reiser, her father, when he became upset with her and hit her with a bat on the arms and back multiple times, calling her names, including "whore" and "retarded." As a result, L.R. had large bruises on her arms, shoulder, and neck area. L.R. was then told by Reiser to say that her injuries were due to her falling off a skateboard. L.R.'s mother and siblings were also told to say that the injuries were a result of a skateboarding accident to "keep the family together." When Reiser was questioned by law enforcement, he reported that L.R. fell off a skateboard and that is how she was injured.

The district court found there was a sufficient factual basis to support the charges and accepted Reiser's no contest pleas to counts 1 and 3. The court dismissed count 2. A sentencing hearing followed. At the hearing, the court stated:

I've considered Mr. Reiser's age, his educational background, [and] his criminal history. . . . I would agree that he has a lot of minor traffic and juvenile; however, you did kind of gloss over the fact that he's had two previous convictions for misdemeanor child abuse. . . . I did read his statement and I did listen to him today, and I do appreciate that there's people in the community that are working with him. . . . [T]his is more significant than him and his alcohol abuse . . . to characterize this situation as the single worst mistake of his life is exceedingly minimizing to what happened in that event, as well as previous situations. . . . [T]he Court does not believe that probation is appropriate in this case.

The district court sentenced Reiser to 2 years' incarceration for child abuse, and 2 years for tampering with witnesses, with the sentences to run consecutively to each other. The court also sentenced Reiser to serve a period of 18 months of post-release supervision on each count, and the 18 months' supervision period would run concurrently, following the consecutive prison sentences.

## ASSIGNMENT OF ERROR

Reiser's sole assignment of error on appeal is that the sentences imposed are excessive.

## STANDARD OF REVIEW

An appellate court will not disturb a sentence imposed within the statutory limits absent an abuse of discretion by the trial court. *State v. Applehans*, 314 Neb. 653, 992 N.W.2d 464 (2023). An abuse of discretion occurs when a trial court's decision is based upon reasons that are untenable or unreasonable or if its action is clearly against justice or conscience, reason, and evidence. *Id*. Where a sentence imposed within the statutory limits is alleged on appeal to be excessive, the appellate court must determine whether a sentencing court abused its discretion in considering and applying the relevant factors as well as any applicable legal principles in determining the sentence to be imposed. *Id.*

ANALYSIS

Reiser's sole assignment of error is that the sentences imposed are excessive. Specifically, he contends that the district court abused its discretion when it failed to adequately consider his criminal history, mentality, experience, and motivation for the offense.

Reiser was convicted of child abuse, a Class IIIA felony, and tampering with a jury, witness, or informant, a Class IV felony. Child abuse when committed knowingly and intentionally without a result of serious bodily injury is a Class IIIA felony. Neb. Rev. Stat. § 28-707(4) (Reissue 2019). Tampering with a juror, witness, or informant is a Class IV felony. Neb. Rev. Stat. § 28-919(3) (Reissue 2019). A Class IIIA felony is punishable by a maximum of 3 years' imprisonment and 18 months' post-release supervision. Neb. Rev. Stat. § 28-105(1) (Reissue 2025). A Class IV felony is punishable by a maximum of 2 years' imprisonment and 12 months' post-release supervision. *Id.* As such, the terms of Reiser's sentences of 2 years' imprisonment for count 1 and 2 years' imprisonment for count 3 are within statutory limits, as is his term of post-release supervision as to count 1. However, as discussed below, the term of post-release supervision as to count 3 is not.

Where a sentence imposed within the statutory limits is alleged on appeal to be excessive, the appellate court must determine whether a sentencing court abused its discretion in considering and applying the relevant factors as well as any applicable legal principles in determining the sentence to be imposed. *State v. King*, 316 Neb. 991, 7 N.W.3d 884 (2024). In determining a sentence to be imposed, relevant factors customarily considered and applied are the defendant's (1) age, (2) mentality, (3) education and experience, (4) social and cultural background, (5) past criminal record or record of law-abiding conduct, and (6) motivation for the offense, as well as (7) the nature of the offense and (8) the amount of violence involved in the commission of the crime. *Id.* The appropriateness of a sentence is necessarily a subjective judgment and includes the sentencing judge's observation of the defendant's demeanor and attitude and all the facts and circumstances surrounding the defendant's life. *Id.*

The record reflects that the district court reviewed the presentence investigation report (PSR), which included information concerning all the factors to be considered by a sentencing court. At the sentencing hearing, the court informed the parties that it considered Reiser's age, educational background, criminal record, and the statements given, amongst other factors. However, a sentencing court is not required to articulate on the record that it has considered each sentencing factor, nor make specific findings as to the facts pertaining to the factors or the weight given to them. *State v. Greer*, 309 Neb. 667, 962 N.W.2d 217 (2021).

The PSR indicates that Reiser was 35 years old, married, has six children, and had earned an associate's degree. His criminal history includes traffic violations, juvenile violations, as well as 2 counts of misdemeanor child abuse. Reiser had never received a term of probation or imprisonment for his previous crimes, only fines and citations. In the level of service/case management assessment, Reiser was assessed to be a high-risk candidate for community-based interventions. Reiser's statement, which was attached to the PSR, stated that he had made the worst mistake of his life when he attacked his daughter. The district court noted that considering the PSR and L.R.'s statements, there was a pattern of child abuse rather than a singular lapse in judgment for this offense.

Finally, regarding Reiser's claim that the district court abused its discretion in failing to sentence him to a lesser sentence or probation, the court specifically found that imprisonment of Reiser was necessary for the protection of the public because probation alone would depreciate the severity of the crime and promote disrespect for the law.

We find no abuse of discretion in the sentences of imprisonment imposed by the district court.

The State submits, however, that the district court committed plain error in sentencing Reiser to 18 months' post-release supervision on the tampering with a juror, witness, or other informant charge, a Class IV felony. We agree.

Plain error exists where there is an error, plainly evident from the record but not complained of at trial, which prejudicially affects a substantial right of a litigant and is of such a nature that to leave it uncorrected would cause a miscarriage of justice or result in damage to the integrity, reputation, and fairness of the judicial process. *State v. Starks*, 308 Neb. 527, 955 N.W.2d 313 (2021). A sentence that is contrary to the court's statutory authority is an appropriate matter for plain error review. *Id.* Whether a sentence is authorized by statute presents a question of law, which we review de novo. *Id.*

Section 28-105(1) provides, in part, that a Class IV felony has a maximum of 12 months' post-release supervision. However, in the sentencing order the court imposed 18 months' post-release supervision. The sentencing order does not comply with the statutory penalties for a Class IV felony, and therefore it was plain error for the district court to impose an 18-month post-release supervision period, when the maximum is a 12-month post-release supervision period. Accordingly, we modify the post-release supervision portion of Reiser's sentence on count 3, tampering with a juror, witness, or informant, to 12 months' post-release supervision. See *State v. Vanness*, 300 Neb. 159, 912 N.W.2d 736 (2018) (when there is plain error in sentencing and court's intended sentences are apparent from record and there is no other error in sentencing, sentence can be modified on appeal).

## CONCLUSION

We conclude that Reiser's terms of imprisonment for both counts, along with the 18 months' post-release supervision ordered for count 1, were not excessive and not an abuse of discretion. However, we conclude that the district court plainly erred in imposing 18 months' post-release supervision as a part of Reiser's sentence for count 3, tampering with a juror, witness, or informant, a Class IV felony. Accordingly, we modify the post-release supervision portion of Reiser's sentence on count 3, tampering with a juror, witness, or informant, to 12 months' post-release supervision. We make no change to the district court's order to run the terms of post-release supervision concurrently, following the consecutive prison sentences.

AFFIRMED AS MODIFIED.